[Civ. No. 31232. Second Dist., Div. One. July 26, 1967.]

SAMUEL KAAKE, Plaintiff and Appellant, v. VIOLA P. LOTT, Defendant and Respondent.

Clock, Waestman & Clock and William H. Cree, Jr., for Plaintiff and Appellant.

Spray, Gould & Bowers for Defendant and Respondent.

LILLIE, J.—Plaintiff was injured while riding a bicycle which was struck from the rear by an automobile operated by defendant. A jury having found in plaintiff's favor, defendant successfully moved for judgment notwithstanding the verdict and, in the alternative, a new trial, contending that the evidence was insufficient to support the verdict and that the court erred in instructing the jury on the doctrine of the last clear chance. The court's decision was preliminarily reflected by a minute order which, as to the motion for new trial, recites that the same is granted because of the insufficiency of the evidence as well as error in law in the giving of the above referred to instruction. A formal "Order of Judgment" thereafter signed and entered granting both motions is silent as to the grounds of its rendition. The present appeal is from this latter order or judgment and "from the whole thereof."

The accident occurred in mid-morning of June 24, 1964, while both parties were proceeding northward along Glenoaks Boulevard in the Pacoima area of the San Fernando Valley. The weather was clear and sunny, and the road, posted for 45 miles per hour and consisting of two northbound lanes, was dry. Both parties were familiar with the immediate area, being employed in the vicinity. Plaintiff was riding his bicycle, a 10-speed racing type, in the right (or outer) lane about 3 or 4 feet from the easterly curb; he intended eventually to make a left turn into Osborne Place which intersects Glenoaks. About one block from the Osborne-Glenoaks intersection, he glanced back over his shoulder and, after pausing two or three seconds, commenced a gradual turn into the left (or inner) lane. Immediately prior to making such turn at a speed estimated at 20 miles per hour, he had seen defendant's car some 400 feet to the rear but, it is asserted, mistakenly concluded that it was in the outer lane. Defendant testified that she was driving in the inner lane when she first saw plaintiff; at that time he was about 400 feet ahead of her in the middle of the outer lane.

The vehicles collided at a point about 3 feet into the inner lane. Each party gave his version to an investigating officer as follows: "I was riding next to the curb and turned to the

center lane to turn left and a car hit me. I looked back before I turned and saw the car in the number one lane but I thought she would get over to the number two lane. Instead she hit me. I was going approximately 20 miles per hour.'' (Plaintiff's statement.) ''He [plaintiff] was in the number two lane northbound. I was northbound in the number one lane going approximately 40 miles per hour. He looked over his shoulder and then cut right in front of me and I struck him. I couldn't stop in time. . . .'' (Defendant's statement.)

In dispute are the inferences reasonably deducible from the above recital which properly govern the applicability of the doctrine set forth in the instruction as given (BAJI No. 205 (Revised)). ■■ It is improper, of course, to give the instruction if any one of the three elements set forth below and necessary to make the doctrine operative is lacking (*Doran* v. *City & County of San Francisco*, 44 Cal.2d 477, 483 [283 P.2d 1]) ; and it is a question of law whether there is substantial evidence supporting the existence of each such element. (*Godinez* v. *Soares*, 216 Cal.App.2d 145, 152 [30 Cal.Rptr. 767].) However, since a party is entitled to an instruction conforming to any theory which finds substantial evidentiary support (*Sills* v. *Los Angeles Transit Lines*, 40 Cal.2d 630, 633 [255 P.2d 795]) which, for the purpose of this appeal must be viewed in the light most favorable to plaintiff (*Bonebrake* v. *McCormick*, 35 Cal.2d 16, 19 [215 P.2d 728]), the instruction was not erroneously given if the evidence, so viewed, warrants a reasonable inference that (1) plaintiff negligently placed himself in a position of danger, (2) defendant had actual or constructive knowledge that plaintiff could not escape from such situation, and (3) after that time had a last clear chance to avoid the accident. (*Brandelius* v. *City & County of San Francisco*, 47 Cal.2d 729 [306 P.2d 432].)

Whether such inferences could reasonably be drawn must be ascertained from a summary of the facts additional to those given to the investigating officer. Plaintiff testified that there were no other northbound cars in the vicinity other than defendant's when he made his diagonal turn to the left; this movement was admittedly carried out without a hand signal. As he continued on his way up to the point of impact, he had no knowledge as to the position of defendant's car except that she was in back of him; nor could he estimate her speed, simply stating that it was faster than his. Defendant, on the other hand, testified that she remained in the inner lane from the moment she first saw plaintiff about five car lengths ahead in

the outer lane; while still in the outer lane, he looked over his shoulder but continued in that lane for some 12 seconds. When he started his left turn, she was still some five car lengths behind him. Defendant then went to her left in an effort to pass him; believing she could not do so, she then turned to her right, applying her brakes. Skid marks measured by the investigating officer were 50 feet overall which, according to his testimony, meant that there were 40 feet of actual skidding. The above is the extent of the testimony bearing on the subject.

It is clear that there was sufficient evidence to warrant a jury finding that the first of the above elements was present in this case. While plaintiff knew that defendant was behind, he was not aware of her presence in the same lane into which his diagonal turn was taking him; too, it is stated in *Peterson* v. *Burkhalter*, 38 Cal.2d 107, 110 [237 P.2d 977], that "the inattentive plaintiff, as well as the physically helpless one, comes within the scope of the [last clear chance] rule." Although defendant argues otherwise, there is also substantial evidence which would have supported a finding that the second element was likewise present. As shown above, defendant testified that she observed plaintiff start his gradual turn when she was four to five car lengths to his rear; hence it must have been obvious to her that if the two vehicles continued their respective courses at their approximate respective speeds, plaintiff would be placed in a position of danger. Emphasizing a concession in plaintiff's briefs that he "could probably have escaped from his position of peril by ordinary care if he had not been totally unaware of the danger," defendant urges that she should not be charged with knowledge of plaintiff's inability to escape from his self-imposed peril. But knowledge of such peril may be imputed to defendant under the existing circumstances. As held in *Sills* v. *Los Angeles Transit Lines*, 40 Cal.2d 630, 637 [255 P.2d 795], where one person observes another in a position which is in fact dangerous, he may not rely on dullness to excuse him from not realizing the danger of the position; and if he sees the dangerous situation he must use reasonable diligence in analyzing the same, knowledge of danger being imputed where the circumstances are such as to convey to the mind of a reasonable man that plaintiff is in a position of peril.

The claimed presence of the third element, whether defendant thereafter had the last clear chance to avoid the accident, poses a more difficult problem. It is plaintiff's conten-

tion that since the inner lane was 13 feet wide and the collision occurred some 3 feet from the easterly line of that lane, at least 10 feet were still available to defendant within which she could have safely passed plaintiff's bicycle (to the left of that vehicle.) However, there is no satisfactory evidence as to the spot, measured in time or distance, at which this asserted last clear chance was open to her. Citing the decision of this court in *Guyton* v. *City of Los Angeles,* 174 Cal.App.2d 354 [344 P.2d 910], plaintiff points out that defendant failed to blow her horn; other statements in *Guyton* are relied on for the proposition that a defendant under similar circumstances has an *alternative* duty to take some evasive action. But defendant in the present case did take such evasive action and, as far as can be determined from the record, she took such action immediately. As in *Fambrini* v. *Stikkers,* 183 Cal.App.2d 235, 241 [6 Cal.Rptr. 833], "The real objection of the appellants here is not the failure of the respondent to act in the time available but rather the failure to successfully act to avoid the collision." Furthermore, in view of the absence of evidence as to the time element, we can only assume that defendant was given but seconds within which to make an election either to swerve left or turn right and apply her brakes in so doing. She carried out all three responsibilities. Quoting an earlier case, it was declared in *Rodabaugh* v. *Tekus,* 39 Cal.2d 290, 297 [246 P.2d 663], that " 'Certainly the doctrine of last clear chance never meant a splitting of seconds when emergencies arise. . . . The words mean exactly as they indicate, namely, last *clear* chance, not possible chance.' " Under the circumstances, we conclude that there was no substantial evidence that defendant failed in any way, or to any extent, to avoid the accident after she realized that plaintiff had permanently committed himself to the route there and then taken. The motion for judgment notwithstanding the verdict was, therefore, properly granted.

There remains for disposition the appeal from the order granting a new trial (in the alternative) which asks for a clarification of certain 1965 amendments to section 657, Code of Civil Procedure, providing that the trial court state its reasons if the motion is granted upon the ground of the insufficiency of the evidence. It becomes unnecessary to furnish such clarification since section 629, Code of Civil Procedure, declares in pertinent part that "If the court grants the motion for judgment notwithstanding the verdict . . . and likewise grants the motion for a new trial, the order granting the new trial

shall be effective only if, on appeal, the judgment notwithstanding the verdict is reversed, and the order granting a new trial is not appealed from or, if appealed from, is affirmed.'' In view of the affirmance of the judgment notwithstanding the verdict, the appeal from the order granting a new trial becomes moot and must be dismissed.

The judgment (notwithstanding the verdict) is affirmed; the appeal from the order is dismissed.

Wood, P.J., and Fourt, J., concurred.