CITY OF MARIANNA, Martin CHAFFIN, Don CAHOON, Ed BROWN, Robert "Bub" DAVIS, Donnie EDWARDS, and Wilson KELL *v.* THE ARKANSAS MUNICIPAL LEAGUE, Administrator, MUNICIPAL LEAGUE DEFENSE PROGRAM

86-131                                    712 S.W.2d 305

Supreme Court of Arkansas
Opinion delivered July 14, 1986
[Supplemental Opinion on Denial of Rehearing
September 29, 1986.]

*Daggett, Van Dover, Donovan & Cahoon*, by: *Robert J. Donovan*, for appellant.

*Winston Bryant* and *William G. Fleming*, for appellee.

ROBERT H. DUDLEY, Justice. The appellants, the City of Marianna, its mayor and aldermen, filed this suit against the Home Indemnity Company and appellee Arkansas Municipal League, administrator for the Municipal League Defense Program. The suit seeks an order requiring the Home Indemnity Company and appellee Municipal League Defense Program: (1) to pay all costs incurred in defending a voting rights action that was filed against appellants by third parties in a United States district court; (2) to pay for any liability which might be assessed in that suit; and (3) to enter a declaratory judgment determining which of the defendants' coverage is primary and which is secondary. After various pleadings were filed, each of the parties filed a motion for summary judgment. The trial court granted summary judgment dismissing appellee Municipal League Defense Program from this suit. In addition, the trial court granted that part of appellants' motion asking that Home Indemnity Company be ordered to pay the costs of defending the United States district court action. No action has been taken yet by the trial court on that part of this lawsuit which seeks a declaratory judgment that Home Indemnity Company is liable for damages. In summation, there are still issues pending in the trial court between appellants and the Home Indemnity Company. Appellants seek to appeal only that part of the action involving appellee Municipal League Defense Program.

We dismiss the appeal because the order appealed from is not a final order, a jurisdictional requirement which we are obliged to raise even when the parties do not. *3-W Lumber Co.* v. *Housing Authority for the City of Batesville*, 287 Ark. 70, 696 S.W.2d 725 (1985).

ARCP Rule 54(b) provides that when multiple parties are involved, or where more than one claim is presented, the trial court may direct the entry of a *final* judgment as to one or more but fewer than all of the parties and claims *only* upon an express determination that there is no just reason for delay and upon the express direction for the entry of the judgment.

Here, the order appealed from dismissed neither all of the parties, nor all of the claims. Rule 54(b) specifically applies. Inasmuch as the order did not comply with the rule, no final judgment has been entered and no appeal may be taken at this stage of the proceeding.

Appeal dismissed.

HOLT, C.J., not participating.

Supplemental Opinion on Rehearing
September 29, 1986

718 S.W.2d 946

ROBERT H. DUDLEY, Justice. We deny petitioners' request for rehearing because petitioners did not comply with ARCP Rule 54(b). However, we modify the mandate dismissing the appeal to a dismissal without prejudice to the right of petitioner to apply to the trial court for a determination and direction under ARCP Rule 54(b). We express no opinion as to whether the determination and direction should be made as this is a matter

**474-B**

within the discretion of the trial court. If the determination and direction are made, a new appeal may come before us on the present briefs and record supplemented to show the subsequent proceedings.