Margaret A. BURNLEY *v.* MUTUAL OF OMAHA, et al.

86-151 · 723 S.W.2d 363

Supreme Court of Arkansas
Opinion delivered February 9, 1987

*Esther M. White* and *Michael R. Salamo*, for appellant.

*Niblock Law Firm*, by: *Katherine C. Gay*, for appellees.

DARRELL HICKMAN, Justice. The appellant, Margaret A. Burnley, a student at Farmington Public Schools, injured her knee at a school sponsored track meet. The school carried insurance with Mutual of Omaha and National Federation Student Protection Trust which covered certain students during school sponsored activities. Both companies refused Burnley's claim for medical expenses. She sued the insurance companies, the school and her coach for her medical expenses and for general and special damages. The trial court dismissed Farmington Public Schools from the suit as immune under Arkansas law, and Burnley appeals from that order.

The order entered is not an appealable order. ARCP Rule 54(b) governs, and its requirements were not met. The relevant facts are the same as those in *City of Marianna v. Arkansas Municipal League*, 289 Ark. 473, 712 S.W.2d 305

(1986), where we said:

> ARCP Rule 54(b) provides that when multiple parties are involved, or where more than one claim is presented, the trial court may direct the entry of a *final* judgment as to one or more but fewer than all of the parties and claims *only* upon an express determination that there is no just reason for delay and upon the express direction for the entry of the judgment.

We reverse and remand the case without prejudice to proceed as the parties did in *City of Marianna* v. *Arkansas Municipal League, supra.*

Reversed and remanded.