Kenneth RUSIN *v.* MIDWEST ENAMELERS, INC.

CA 87-17                                        731 S.W.2d 226

Court of Appeals of Arkansas
Division I
Opinion delivered June 17, 1987

*Daily, West, Core, Coffman & Canfield*, by: *Eldon F. Coleman* and *Stanley A. Leasure*, for appellant.

*Warner & Smith*, by: *G. Alan Wooten*, for appellee.

GEORGE K. CRACRAFT, Judge. Kenneth Rusin appeals from an order of the Sebastian County Circuit Court on which his complaint for liquidation and distribution of the assets of Midwest Enamelers, Inc., was denied. Because the order is not appealable, we do not reach the merits of the case.

The appellant filed a complaint against Midwest Enamelers, Inc., seeking liquidation and distribution of the corporate assets; $50,000.00 for unpaid director's fees; and $500,000.00 in bonuses allegedly owed to the appellant. In response, appellee answered and filed a third-party complaint against Lucinda Rusin, contending that she and her husband, the appellant, were indebted to the appellee for $30,000.00 on a promissory note; had converted over $250,000.00 belonging to the appellee to their personal use; and, that, while appellant was an officer of the appellee company and his wife an employee, they had formed a competing company which caused appellee to lose $500,000.00 and for which they should be liable. The court conducted a hearing limited to the issue of liquidation of the corporate assets, after which it found that the appellant had failed to establish grounds for dissolution of the corporation and further that appellant had an adequate remedy for money damages, and denied the petition for liquidation. The court expressly reserved all of the remaining matters for trial by a jury and entered an order accordingly. The appellant appeals, contending that the trial court's ruling that the corporation should not be dissolved was erroneous.

■ Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure provides that only final judgments and decrees are appealable. Rule 54(b) of the Arkansas Rules of Civil Procedure provides that, when multiple parties are involved or more than one claim is presented, the trial court may direct the entry of a final judgment as to one or more but fewer than all of the parties or claims only upon an express determination that there is no just reason for delay and with the express direction for the entry of final judgment. Here, the order appealed from did not dismiss all the parties or direct the entry of a final judgment as there were issues remaining before it for a trial by jury. No final order as defined in Rule 54(b) was entered and no appeal may be taken at this stage of the proceedings. *City of Marianna* v. *Arkansas Municipal League*, 289 Ark. 473, 712 S.W.2d 305 (1986); ARCP 54(b).

■ Appellant contends that, as his motion for a new trial was denied, the appeal is properly before the court. Although Rule 2(a)(3) provides that appeals may be taken from orders refusing a new trial, that rule contemplates an appeal from an order granting or refusing a new trial in cases in which all issues have been presented and decided. It can have no application to cases involving multiple issues or claims in which some, but not all, are decided.

Appeal dismissed.

CORBIN, C.J., and COOPER, J., agree.