[No. B087275. Second Dist., Div. Five. May 23, 1996.]

MARVIN COBB, Plaintiff and Appellant, v.
UNIVERSITY OF SOUTHERN CALIFORNIA, Defendant and
Respondent.

**COUNSEL**

Samuel Reece and Ronald C. Lapekas for Plaintiff and Appellant.

Johnnie L. Cochran, Jr., Carl E. Douglas, Horvitz & Levy, Frederic D. Cohen and Christine A. Pagac for Defendant and Respondent.

**OPINION**

**ARMSTRONG, J.**—In this opinion, we revisit the lawsuit filed by Marvin Cobb (Cobb) against the University of Southern California (USC) alleging breach of contract and racial discrimination, a matter we first considered in *Cobb* v. *University of So. California* (1995) 32 Cal.App.4th 798 [38 Cal.Rptr.2d 543]. There, on USC's motion, we dismissed as nonappealable Cobb's appeal from an order granting judgment notwithstanding the verdict (JNOV), but ruled that the order granting a new trial as to the contract cause of action was appealable, notwithstanding that a retrial of the discrimination claim had not yet been conducted. Since that time, the record on appeal has been filed, and the issues fully briefed. After reviewing the full record, which was not available at the time of our prior opinion, we conclude that the order granting new trial is ineffectual. Moreover, even if it had been properly entered, the order would not be ripe for review at this time. Consequently, we dismiss the appeal from the new trial order.

Cobb filed a complaint against USC alleging, inter alia, racial discrimination and breach of contract. After trial of these two causes of action, the jury

deadlocked on the discrimination claim but reached a verdict in favor of Cobb on the breach of contract cause of action. That verdict, rendered on June 6, 1994, awarded Cobb $1.1 million in economic damages and $1 million in noneconomic (emotional distress) damages. The trial court ordered a mistrial on the discrimination claim, and thereafter set the matter for retrial.

On July 15, 1994, the court granted USC's motion to correct the verdict to eliminate the $1 million award for noneconomic damages, since these damages are not properly recoverable for breach of contract. An interlocutory judgment, reflecting the $1.1 million award for economic damages, was entered against USC on the contract claim on that date.

On August 10, 1994, the trial court granted USC's motions for JNOV and for a new trial on the breach of contract claim.

On September 9, 1994, Cobb filed a notice of appeal from the order granting the JNOV, from the original corrected judgment on the verdict which was vacated by the JNOV, and from the order granting a new trial. USC filed a motion to dismiss Cobb's appeal, arguing that, because the discrimination claim remained to be retried, the Supreme Court's decision in *Morehart* v. *County of Santa Barbara* (1994) 7 Cal.4th 725 [29 Cal.Rptr.2d 804, 872 P.2d 143] mandated dismissal to prevent piecemeal appeals of the two causes of action. As mentioned above, this court granted the motion insofar as Cobb sought to appeal the order granting USC's motion for JNOV, but ruled that the order granting a new trial on the contract cause of action was expressly appealable pursuant to Code of Civil Procedure section 904.1, subdivision (a)(4).[1]

▊▊▊ After further independent research, we now conclude that USC's motion to dismiss was well taken, although not on the basis of the authority cited by USC. A motion for new trial is a posttrial motion, that is, a motion seeking relief after trial of the entire matter. (§ 657; see also 8 Witkin, Cal. Procedure (3d ed. 1985) Attack on Judgment in Trial Court, § 18 et seq., p. 420 et seq.) Section 656 defines a new trial as "a reexamination of an issue of fact in the same court after a trial and decision by a jury, court or referee." ▊▊▊ An order granting a new trial is appealable, as provided by section 904.1, subdivision (a)(4), only because, and to the extent that, it contemplates a final judgment. While section 659 permits a party to file a notice of intention to move for new trial before the *entry* of judgment, the statute clearly contemplates that a final determination of all the causes of action has been rendered, and a final judgment may timely be entered. Case law has

---

[1]Further statutory references are to this code.

long held that, where some issues are to be tried by a jury and others by the court, new trial proceedings are premature when instituted after a verdict has been rendered but before determination of all issues in a case. (*City of Los Angeles* v. *Cole* (1946) 28 Cal.2d 509, 512 [170 P.2d 928], and cases cited therein, overruled on another point in *County of Los Angeles* v. *Faus* (1957) 48 Cal.2d 672, 680 [312 P.2d 680].) "The reason for the rule is that there is no completed 'trial and decision' (Code Civ. Proc., § 656) and there is no 'aggrieved party' (Code Civ. Proc., § 657) until such time as there has been a completed trial and decision, at which time nothing remains to be done except to enter judgment in favor of the prevailing party." (28 Cal.2d at p. 512; see also *Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450, 458-459 [20 Cal.Rptr. 321, 369 P.2d 937]; *Cloud* v. *The State Terminal Co., Ltd.* (1937) 22 Cal.App.2d 568, 570 [71 P.2d 600]; *Middleton* v. *Finney* (1931) 214 Cal. 523, 527 [6 P.2d 938, 78 A.L.R. 1104]; cf. *Walton* v. *Magno* (1994) 25 Cal.App.4th 1237, 1240 [30 Cal.Rptr.2d 815]; *Horton* v. *Jones* (1972) 26 Cal.App.3d 952, 955-957 [103 Cal.Rptr. 399] [motion for JNOV in bifurcated trial made before all issues disposed of is premature; denial of motion not appealable].) "The statutory scheme on new trials makes it quite evident that a [motion for] new trial is not proper until the action has been prosecuted to a point where it can be said to be complete." (*Auto Equity Sales, Inc.* v. *Superior Court, supra,* at p. 458.) "For purposes of section 659 a 'trial' is complete when all the issues have been determined . . . as to the 'party aggrieved' in question." (*Id.,* at p. 460, citations omitted.) ▮ This rule applies with equal force here, where due to the hung jury on the discrimination claim, there could be no final determination of Cobb's action until retrial of that claim. Thus, the order granting a new trial, issued prior to final determination of all causes of action and issues in the case, was premature and is not appealable.[2]

This situation is to be distinguished from the grant of a partial new trial after determination of all issues in a matter. ▮ If a new trial is ordered as to some issues but not as to others (for example, to retry the issue of damages but not of liability), the order granting the new trial is appealable by any party aggrieved by the order, including the moving party who sought a new trial as to all issues. (See, e.g., *Liodas* v. *Sahadi* (1977) 19 Cal.3d 278, 285 [137 Cal.Rptr. 635, 562 P.2d 316]; *Spencer* v. *Nelson* (1947) 30 Cal.2d 162, 164 [180 P.2d 886]; *Beavers* v. *Allstate Ins. Co.* (1990) 225 Cal.App.3d 310, 330 [274 Cal.Rptr. 766].)

▮ The foregoing authorities make clear that Cobb's appeal from the order granting new trial was premature. Indeed, these cases are consistent

---

[2]A trial court's grant of a new trial as to fewer than all issues before a final determination of the cause has been made may be challenged by a petition for writ of mandate. (§ 1084 et seq.)

with the reasoning of the Supreme Court in *Morehart*: There can be but one final judgment, and one appeal therefrom, in a lawsuit, no matter the variety of causes of actions to be tried, the independent nature of those causes of action, or the differing evidence upon which their proof rests. As *Morehart* explains, final judgments are those which "leave nothing to be decided between one or more parties and their adversaries, or that can be amended to encompass all controverted issues, . . ." (*Morehart* v. *County of Santa Barbara, supra,* 7 Cal.4th 725, 741.) Consequently, we disavow our conclusion in *Cobb* v. *University of So. California, supra,* 32 Cal.App.4th 798 that the new trial order was appealable.[3]

■  This appeal must be dismissed for yet another reason. The trial court granted USC's motions for JNOV and for a new trial. Contrary to our understanding at the time of our prior opinion, both of these motions were addressed to the whole of Cobb's contract cause of action.[4] The trial court, in turn, granted both motions. Under these circumstances, we conclude that the appeal of the new trial order would be premature even if the appeal did not otherwise violate the one final judgment rule as discussed above.

Section 629 dictates the procedure to be followed when a court grants a motion for JNOV and a motion for new trial, as was done here. That section provides in pertinent part: "If the court grants the motion for judgment notwithstanding the verdict or of its own motion directs the entry of judgment notwithstanding the verdict and likewise grants the motion for new trial, the order granting the new trial shall be effective only if, on appeal, the judgment notwithstanding the verdict is reversed, and the order granting a new trial is not appealed from or, if appealed from, is affirmed."

[3]The parties submitted additional briefing following oral argument regarding the appealability of the new trial order. Neither party contended that our prior ruling on that issue was law of the case, and rightly so. The law of the case doctrine precludes review of the same issue on a second appeal. However, it is a rule of procedure which does not go to the power of the court, and "will not be adhered to where its application will result in an unjust decision." (*Clemente* v. *State of California* (1985) 40 Cal.3d 202, 212 [219 Cal.Rptr. 445, 707 P.2d 818]; see also *Kowis* v. *Howard* (1992) 3 Cal.4th 888, 892-893, 898 [12 Cal.Rptr.2d 728, 838 P.2d 250].) Moreover, under the doctrine of law of the case, the stated principle of law must be applied in the lower court and upon subsequent appeal. (*Clemente* v. *State of California, supra,* at p. 211; *People* v. *Shuey* (1975) 13 Cal.3d 835, 841 [120 Cal.Rptr. 83, 533 P.2d 211].) The doctrine is inapplicable here, when the same court is considering the issue in the same, rather than a subsequent, appeal.

[4]At the time of our decision in *Cobb* v. *University of So. California, supra,* 32 Cal.App.4th 798, we understood the motions for JNOV and for new trial to be addressed to different issues. That is to say, we were given to believe that the motion for JNOV was limited to the striking of emotional distress damages from the verdict. We further understood that USC had not sought a JNOV with respect to the issue of liability and economic damages for breach of contract, but that it requested only a new trial on those issues, which was granted. In fact, USC sought, and the court granted, a JNOV or, in the alternative, a new trial, as to Cobb's entire contract cause of action.

The obvious import of this quoted language of section 629 is that the order granting the new trial is contingent upon the result of the appeal of the JNOV; that is, the order is not effective unless and until the JNOV has been reversed on appeal, and is moot if the JNOV is affirmed on appeal, and several cases have so held. (*Borba* v. *Thomas* (1977) 70 Cal.App.3d 144 [138 Cal.Rptr. 565]; *Conner* v. *Utah Constr. & Mining. Co.* (1964) 231 Cal.App.2d 263 [41 Cal.Rptr. 728]; *Kaake* v. *Lott* (1967) 252 Cal.App.2d 895 [60 Cal.Rptr. 843].) Because the trial court's grant of a new trial in this case is subject to a condition precedent which has not yet occurred, that order is not ripe for appeal. Indeed, Cobb cannot be aggrieved by an order granting new trial which may never become effective. Consequently, even if the prior decisional authority cited above did not mandate dismissal of this appeal, Cobb is not an aggrieved party within the meaning of section 902, and thus cannot appeal that order.

In sum, we hold that the grant of a new trial as to certain issues before there has been a final determination of all of the issues in a lawsuit is ineffectual, and no appeal lies therefrom. Further, when a trial court grants a JNOV and a new trial motion as to the same cause of action, the latter order is reviewable only after entry of a final judgment in the action. We decline to treat Cobb's notice of appeal as a petition for writ of mandate. As noted above, the new trial order is contingent and may never come to pass. Judicial economy will thus be served in this case by deferring resolution of this issue until final judgment on all of Cobb's causes of action. (*Morehart* v. *County of Santa Barbara*, *supra*, 7 Cal.4th 725, 745-746.)

### DISPOSITION

The appeal is dismissed.

Turner, P. J., and Grignon, J., concurred.