**LCR, INC., an Oklahoma corporation, Appellant,**

v.

**LINWOOD PROPERTIES, an Oklahoma general partnership, d/b/a/ Linwood Properties; Ralph L. Franklin; Charles E. Underwood; Delbert J. King; and Franklin Investments, a general partnership, Appellees.**

No. 83939.

Supreme Court of Oklahoma.

June 18, 1996.

As Corrected June 26, 1996.

R. Jay Chandler, Roger K. Eldredge, Norman & Wohlgemuth, Tulsa, for Appellant.

John D. Boydston, Boydston & Reheard, Eufala, John M. Freese, Sr., Daniel B. Graves, Freese & March, P.A., Tulsa, for Appellees.

OPALA, Justice.

Certiorari was granted to settle an important question, *i.e.*, the degree of interinstitu-tional deference that is due when the Court of Appeals is dealing with jurisdictional and postural defects settled by an earlier Supreme Court ruling. Two queries are presented: (1) Did the Court of Appeals have the power to reinquire into issues settled by the earlier Supreme Court order which declared LCR, Inc.'s [LCR] appeal timely and directed that it be advanced to the decisional stage? (2) Is LCR's appeal prosecuted from an appealable order? We answer both questions in the negative.

# I

## THE ANATOMY OF LITIGATION

Alvin Bates, as successor receiver in Cimmaron Federal Savings and Loan Association v. Fisher, brought suit against Linwood Properties, Ralph L. Franklin, Charles E. Underwood, Delbert J. King, and Franklin Investments [collectively called "Linwood"] on various notes secured by a second mortgage. LCR was later substituted for Bates. An order memorializing a so-called "summary judgment" for LCR was entered August 6, 1993.[1] Linwood timely moved for a "new trial". Its motion was denied on September 3, 1993. On September 13, 1993 the trial judge reconsidered the earlier order (denying a new trial) and vacated her August 6 summary adjudication. The September 13 order was then re-memorialized on July 6, 1994 with *its content expanded* to include detailed findings of fact. LCR *appealed on July 20, 1994 for review of the latest memorial* of the nisi prius vacation decision.

In its response to LCR's petition in error Linwood sought the appeal's dismissal, claim-

---

1. The August 6, 1993 memorial states:

 ORDER

 On this <u>6th</u> day of <u>August</u>, <u>1993</u>, the following matters in the designated cases came on for decision, pursuant to Rule 4 of the Supreme Court Rules for the District Courts, The Clerk of the Court is directed to notify counsel of record of the indicated decisions by mailing a copy of this Order to them and filing a copy of this Order in each case.

 /s/ Gail Harris

 Plaintiff's Motion for Summary Judgment is granted as there are no material facts in con-troversy. Judgment is granted plaintiff against defendants, Linwood Properties, Ralph Franklin, Charles E. Underwood and Delbert King and Franklin Investments **in rem** and **in personam** in the principal amount of $100,000 under the terms of the note and assumption agreement. Plaintiff is directed to prepare Journal Entry of Judgment consistent with this order. Notice by mail to: Jay Chandler & John M. Freese.

ing that it is prosecuted from a nonappealable order. Linwood's quest was denied by this court's October 10, 1994 order.[2] The cause was then assigned to the Court of Appeals, which dismissed the appeal, holding the July 6, 1994 order (of which review is sought) unappealable. We granted certiorari and now vacate the Court of Appeals' opinion, directing that LCR's appeal be dismissed.

## II

### THE RULES OF INTERINSTITUTIONAL DEFERENCE THAT IS DUE WHEN THE COURT OF APPEALS IS DEALING WITH JURISDICTIONAL AND POSTURAL DEFECTS SETTLED BY AN EARLIER SUPREME COURT RULING

When, as here, re-examination is sought in the Court of Appeals of a pre-assignment[3] Supreme Court order that denies a motion to dismiss, the text of the court's ruling is of critical importance for assessment of the intermediate appellate court's cognizance to reinquire. Three different scenarios explain the degree of deference to be accorded procedural orders that settle attacks launched against an appeal *before* it is assigned to the Court of Appeals.

If the motion to dismiss is denied *"with prejudice to renewal"*, the ruling *may not be relitigated* either in this court or in the Court of Appeals. If the pre-assignment order denying the dismissal motion is *explicitly* qualified as *"without prejudice to renewal"*, the added phrase in the order's text stands as an *open invitation* to the transferee tribunal to re-examine *sua sponte* any *jurisdictional defect* and any jurisdictional or *postural issue* the litigants may re-press.

If the Supreme Court's order denies the motion to dismiss but is *silent* with respect to its ruling's effect on the challenge's renewability, the ruling—regarded in law as *implicitly* "without prejudice to renewal"[4]—may not be re-examined by the Court of Appeals, a tribunal constitutionally inferior to the Supreme Court.[5] Uninvited or unauthorized relitigation (in the Court of

---

**2.** The text of the Supreme Court's October 10, 1994 order is:

"Appellee's motion to dismiss is denied because the trial court's July 6, 1994 order, vacating its previous summary judgment and ordering a new trial, is appealable. [citation to authority omitted.]

DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 10TH DAY OF OCTOBER, 1994."

**3.** By a pre-assignment ruling is meant a ruling made by the Supreme Court before the appeal's assignment to a division of the Court of Appeals.

**4.** *Arkansas Louisiana Gas Co. v. McBroom*, Okl. App., 526 P.2d 509, 510 (1974); *Chicago, R.I. & P.R. Co. v. American Airlines, Inc.*, Okl., 408 P.2d 789, 793 (1965); *Red Eagle v. Cannon*, 198 Okl. 330, 177 P.2d 841, 842 (1945); *Mount v. Schulte*, 193 Okl. 335, 143 P.2d 424, 426 (1943); *Sawyer v. Sawyer*, 182 Okl. 348, 77 P.2d 703, 704 (1938).

**5.** *See* Art. 7, § 4, Okl. Const., whose pertinent terms are:

"The original jurisdiction of the Supreme Court shall extend to a general superintending control over all inferior courts...."

*See* Art. 7, § 6, Okl. Const., whose pertinent terms are:

"[G]eneral administrative control over all courts in this State ... is hereby vested in the Supreme Court...."

*See* Art. 7, § 5, Okl. Const., whose pertinent terms are:

"The jurisdiction, powers, duties and procedures of intermediate appellate courts shall be as provided by rules of the Supreme Court until otherwise provided by statute...."

*See also Ingram v. Oneok, Inc.*, Okl., 775 P.2d 810, 812 (1989); *Wimberly v. Buford*, Okl., 660 P.2d 1050 (1983); *Matney v. King*, 20 Okl. 22, 93 P. 737, 744 (1908), where the court observed:

"Section 2, art. 7, of the Constitution ... practically places the Supreme Court in the same relation to the inferior courts of the state as the court of King's Bench bore to the courts of England, under the common law.

\* \* \* \* \* \*

For it is the peculiar business of the court of King's Bench to superintend all other inferior courts ...." [quoting Blackstone]

Appeals) of issues decided by the Supreme Court is barred by the mandate of Art. 7, §§ 4, 5 and 6.[6] When re-examination is deemed desirable of a pre-assignment Supreme Court ruling on a motion to dismiss, which does not *facially* invite reconsideration in the Court of Appeals, the transferee tribunal should request that the case be recalled for that purpose.

 *The Supreme Court may itself reconsider any* jurisdictional or postural issue (on certiorari or otherwise) which is unshielded by its earlier "with prejudice" bar. *Stites v. Duit Const. Co., Inc.,*[7] where we held that an earlier pre-assignment Supreme Court order (which *overrules* a motion to dismiss *without prejudice,* either implicitly or explicitly) is always subject to reconsideration, continues to stand as binding authority for this view.

 Because in this case the text of the Supreme Court order that denies dismissal of LCR's appeal *does not explicitly indicate that the ruling was made without prejudice to renewal, only this court* could re-examine

**6.** For the pertinent provisions of Art. 7, §§ 4, 5 and 6, Okl. Const., see *supra* note 5.

**7.** Okl., 903 P.2d 293 (1995).

**8.** For the provisions of the August 6, 1993 order, see *supra* note 1.

**9.** The terms of 12 O.S.1991 § 681 are:
"A judgment is the final determination of the rights of the parties in an action."

**10.** *Liberty Bank and Trust Co. v. Rogalin,* Okl., 912 P.2d 836, 838–39 (1996); *FDIC v. Tidwell,* Okl., 820 P.2d 1338, 1343 (1991); *Green v. Mee,* 197 Okl. 562, 173 P.2d 217, 221 (1945). *See also King v. Finnell,* Okl., 603 P.2d 754, 756 (1979), where in a mortgage foreclosure suit the order tendered for review was held to fall short of a judgment because not all of the *issues on the merits* were resolved (no pronouncement was made about the amount of damages or attorney's fee).

**11.** *Rogalin, supra* note 10 at 839; *Tidwell, supra* note 10 at 1343; *Reams v. Tulsa Cable Television, Inc.,* Okl., 604 P.2d 373, 374 (1979).

the issues whether LCR's appeal (a) *is timely* and (b) *is prosecuted* from an appealable order.

## III

### A

## THE VACATED "SUMMARY JUDGMENT" IS NOT A JUDGMENT IN THE 12 O.S.1991 § 681 SENSE

 The August 6, 1993 so-called "summary judgment", which was later vacated, addressed itself to some, *but not to all,* issues in LCR's foreclosure suit.[8] That decision *does not rise to the level of a judgment* in the 12 O.S.1991 § 681 [9] sense.[10] No judgment may arise from a ruling that disposes of but a portion of an entire claim and leaves unresolved other issues joined by the pleadings.[11] Because the August 6 memorial does not resolve *all of the issues* in the case,[12] it clearly falls short of a judgment.[13] It is hence to be treated as but an intermediate order in the case.[14]

**12.** Among the issues left *un*decided by the August 6 "summary judgment", which prevent it from qualifying as a judgment, are: (1) the priority and rights of the *first mortgage holder,* (2) the amount of obligors' liability due on the notes, and (3) the amount of the counsel-fee award due the lender. *See* in this connection, *King, supra* note 10.

**13.** *Depuy v. Hoeme,* Okl., 775 P.2d 1339, 1343 (1989); *Miller v. Miller,* Okl., 664 P.2d 1032, 1034 (1983); *Johnson v. Johnson,* Okl., 674 P.2d 539, 542–43 (1983); *Carr v. Braswell,* Okl., 772 P.2d 915, 918 (1989)(Opala, J., concurring).

**14.** Intermediate orders are *non-final* orders made in the course of an action or proceeding which remain under the plenary control of the trial judge and are not binding on the trial court until the controversy has culminated in judgment. *Lincoln Bank and Trust v. Tax Com'n,* Okl., 827 P.2d 1314, 1317 n. 12 (1992); *Reams, supra* note 11 at 376.

## B

### THE JULY 6, 1994 VACATION ORDER DOES NOT QUALIFY AS APPEALABLE BECAUSE IT WAS NOT MADE IN RESPONSE TO AN *AUTHENTIC* TERM–TIME MOTION TO VACATE OR TO A *TRUE* MOTION FOR NEW TRIAL

■ After the August 6 "summary judgment" was entered, Linwood unsuccessfully moved for a "new trial". The trial court then reconsidered its ruling *that denied "the new trial"* and vacated, on September 13, 1993, LCR's earlier (August 6) summary adjudication. A second (*and more complete*) memorial of the vacation ruling was entered on July 6, 1994. The appeal was brought to review this last memorial.

■ The *July 6 order* cannot be treated as a *term-time* vacation order in the 12 O.S.1991 § 1031.1 sense. It *is not addressed to a judgment, decree or appealable order.*[15] Neither can it pass muster under the rubric of 12 O.S.1991 § 651 [16] as a judicial response to a true new trial motion. Because the August 6 *ante* judgment summary adjudication [which the July 6 order vacated] is but an *intermediate* order in the case,[17] it re-

mained *within the trial judge's complete control* to modify or alter at any time *before judgment.*[18] Linwood's so-called "motion for new trial" is to be treated as a *request for reconsideration* of an *intermediate ruling* in the case.[19] The trial court's July 6 response to that request may *not* hence be treated as an appealable ruling made upon a § 651 or a § 1031.1 motion.[20] To qualify under the cited sections, *the motion must be directed to a final order or judgment.*

## C

### BECAUSE THE JULY 6 ORDER IS NEITHER APPEALABLE BY RIGHT NOR ADVANCED FOR PREJUDGMENT REVIEW BY A LEGALLY ACCEPTABLE CERTIFICATION, LCR'S APPEAL MUST BE DISMISSED

■ Since the July 6 memorial clearly is not appealable either as a *final* order or judgment in the case,[21] our next task is to determine whether it is an *interlocutory* order which (a) could be appealed by right under the provisions of 12 O.S.1991 § 993,[22] (b) qualifies for *certiorari review under the terms of 12 O.S.1991 § 952(b)* [23] (because it

15. The pertinent terms of 12 O.S.1991 § 1031.1(B) are:

"Within thirty (30) days after the rendition *of a judgment,* the court, of its own initiative, or on motion of a party, may correct, open, modify or *vacate* a judgment...." [Emphasis added.]

16. The pertinent terms of 12 O.S.1991 § 651 are: "A new trial is a reexamination in the same court, of an issue of fact, or of law, either or both, *after a verdict by a jury, the approval of a referee, or a decision by the court.* ..." [Emphasis added.]

17. *See* section III A above.

18. *Lincoln Bank and Trust, supra* note 14 at 1317 n. 12; *Reams, supra* note 11 at 376.

19. *A "motion for new trial" addressed to an interlocutory order is not appealable. Jones v. Tubbs,* Okl., 860 P.2d 234, 235 (1993); *Kawfield Oil Co. v. Illinois Refining Co.,* 169 Okl. 75, 35 P.2d 961, 963 (1934).

Prejudgment orders, which affect other intermediate orders, may, of course, be reviewed *after*

*judgment* under the standard of abused discretion. *Carr, supra* note 13 at 917.

20. For the pertinent terms of 12 O.S.1991 § 1031.1(B), see *supra* note 15.

21. *See* Section III A above.

22. The pertinent terms of 12 O.S.Supp.1993 § 993(A) are:
"When an order:
\* \* \*
7. Grants a new trial or opens or vacates a judgment or order,
the party aggrieved thereby may appeal the order to the Supreme Court without awaiting the final determination in said cause...."

23. The pertinent terms of 12 O.S.1991 § 952(b) are:
"The Supreme Court may reverse, vacate or modify any of the following orders of the district court, or a judge thereof:
\* \* \*
(3) Any other order, which affects a substantial part of the merits of the controversy *when the*

affects a substantial part of the controversy's merits), or (c) could be advanced for *appellate review under the terms of 12 O.S.Supp. 1993 § 994* [24] (because it adjudicates some legally severable claim that was *completely decided* and then advanced for review *before all* other claims stood judicially resolved).

 An intermediate order leaves the parties in court until *all* other issues on the merits of the action stand resolved.[25] The July 6 nisi prius order was in essence a judicial response to a *motion to reconsider* an intermediate ruling in the case. That *prefinal ruling* (which does not qualify as a term-time vacation of a judgment or a new trial grant [26]) cannot be appealed by right under the terms of § 993.

*No certified questions are tendered by the July 6 order's text.* That order clearly (a) does not meet the requirements for certiorari review under the terms of 12 O.S.1991 § 952(b) [27] and (b) fails to embody the trial judge's § 994 [28] certification that would advance the case for *appellate* review before *all claims* have been decided.

## IV

## SUMMARY

LCR *correctly urges* that the Court of Appeals was *without power to reinquire* into the earlier Supreme Court ruling that declares its appeal timely. This is so because the (Supreme Court) order in question did not, by an addition to its text of the *qualifying phrase "without prejudice to renewal",* invite post-assignment re-examination by the Court of Appeals.

LCR's appeal for review of the *order vacating* the summary adjudication in its favor must be dismissed. The July 6 memorial, from which this appeal was brought, is but an *interlocutory judicial action* which sets aside an earlier intermediate ruling in the same case. It is hence unreviewable in advance of judgment.

Because the July 6 vacation order constitutes a judicial response to what was really a quest for reconsideration of a *nonappealable intermediate ruling*—rather than a true new trial motion (§ 651) or a term-time motion to vacate (§ 1031.1)—it cannot be appealed by right under the terms of § 993. The critical memorial's text also *lacks the nisi prius certification* that is necessary to make it either (a) reviewable under the provisions of § 952(b)(3) or (b) appealable under the terms of § 994 *before judgment or final order* in the case. Upon certiorari previously granted,

THE COURT OF APPEALS' OPINION IS VACATED AND THE APPEAL IS DISMISSED.

WILSON, C.J., KAUGER, V.C.J., and LAVENDER, SIMMS and OPALA, JJ., concur.

HARGRAVE and WATT, JJ., concur in result.

HODGES and SUMMERS, JJ., concur in part and dissent in part.

---

trial judge certifies that an immediate appeal may materially advance the ultimate termination of the litigation; provided, however, that the Supreme Court, in its discretion, may refuse to hear the appeal." [Emphasis added.]

**24.** The pertinent terms of 12 O.S.Supp.1993 § 994 are:
"A. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the preparation and filing of a final judgment or decree as to one or more but fewer than all of the claims or parties only upon an express determination that there is no

just reason for delay and upon an express direction for the filing of a final judgment or decree...."

**25.** *DLB Energy Corp. v. Oklahoma Corp. Com'n,* Okl., 805 P.2d 657, 660 (1991).

**26.** *See* section III B.

**27.** For the pertinent terms of § 952(b), see *supra* note 23.

**28.** For the pertinent terms of 12 O.S.Supp.1993 § 994, see *supra* note 24.