RENO HILTON RESORT CORPORATION, DBA RENO HILTON, A NEVADA CORPORATION; PARK PLACE ENTERTAINMENT CORPORATION, A DELAWARE CORPORATION; AND FHR CORPORATION, A NEVADA CORPORATION, APPELLANTS, v. DIANE VERDERBER, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED, RESPONDENT.

No. 41645

February 24, 2005

106 P.3d 134

*Lionel Sawyer & Collins* and *Dan C. Bowen, David N. Frederick* and *Samuel S. Lionel,* Las Vegas, for Appellants.

*Arrascada & Arrascada, Ltd.,* and *John L. Arrascada,* Reno; *Lyle & Murphy* and *Robert E. Lyle,* Reno; *Walkup Molodia Kelly & Echeverria* and *John P. Echeverria,* San Francisco, California, for Respondent.

Before ROSE, GIBBONS and HARDESTY, JJ.

## OPINION

*Per Curiam:*

This is an appeal from a district court order denying a new trial as to Phase I of a bifurcated class action. Respondent has moved to dismiss the appeal for lack of jurisdiction, contending that an order denying a new trial is not appealable when, as in this case, it is interlocutory and does not follow the final judgment. Appellants oppose the motion and argue that the language in the rule permitting an appeal from an order granting or denying a new trial is unqualified, and so jurisdiction is proper. We conclude that the rule

permits an independent appeal only from a post-judgment order granting or denying a new trial, and so we dismiss this appeal.

## FACTS

The underlying class action arose from an outbreak of a Norwalk-like virus at the Reno Hilton in May and June of 1996. The district court divided the action into two phases. The first phase consisted of a jury trial on the issues of liability and class-wide punitive damages. The jury found that appellants' policy of unpaid sick leave for its employees proximately caused the outbreak. The jury further imposed over $25 million in punitive damages. Phase II, which has not yet taken place, will consist of individual hearings for each class member to assess compensatory damages.

Following the Phase I trial's conclusion, appellants moved for judgment notwithstanding the verdict, or alternatively, a new trial. The district court denied the motion, and appellants filed a notice of appeal from the order denying a new trial. Respondent then moved to dismiss the appeal for lack of jurisdiction.

## DISCUSSION

To resolve the motion to dismiss, we must determine whether NRAP 3A(b)(2), which provides that an appeal may be taken from a district court order ''granting or refusing a new trial,'' permits this appeal. Respondent argues that the rule applies only to post-judgment orders denying a new trial, not to an interlocutory order entered in the midst of bifurcated proceedings. Appellants assert that the plain language of the rule permits this appeal.

Respondent argues that our previous decisions favor looking beyond the label of an order or motion, and instead, focusing on what the order or motion actually does or seeks.[1] Respondent further emphasizes language in our previous opinions that disfavors piecemeal review.[2] According to respondent, interpreting NRAP 3A(b)(2) in light of these policies means that an interlocutory order denying a new partial trial is not independently appealable.

In support of her position, respondent cites an Oklahoma case, *LCR, Inc. v. Linwood Properties*.[3] In *LCR*, the trial court had granted summary judgment as to some, but not all, issues in the case.[4] The trial court at first denied, but then on reconsideration

---

[1]*See, e.g., Lee v. GNLV Corp.*, 116 Nev. 424, 996 P.2d 416 (2000); *Bally's Grand Hotel v. Reeves*, 112 Nev. 1487, 929 P.2d 936 (1996).

[2]*See, e.g., id.; Hallicrafters Co. v. Moore*, 102 Nev. 526, 728 P.2d 441 (1986).

[3]918 P.2d 1388 (Okla. 1996).

[4]*Id.* at 1392.

granted, the respondent's motion for a new trial, and the appellant appealed.[5] The Supreme Court of Oklahoma dismissed the appeal for lack of jurisdiction.[6]

The court recognized that the summary judgment was not a final judgment because it resolved only some of the issues in the case, and accordingly the summary judgment was simply an intermediate order, not a true judgment.[7] "No judgment may arise from a ruling that disposes of but a portion of an entire claim and leaves unresolved other issues joined by the pleadings."[8] The court then reasoned that a new trial motion addressed to an intermediate order could not result in an appealable order.[9]

Appellants argue that *LCR* should be distinguished. They assert that the motion in that case was not really for a "new trial" since no trial at all had occurred; rather, the motion was actually a motion for reconsideration of the summary judgment. In appellants' view, *LCR* is not persuasive here because Phase I was in fact a jury trial lasting over two weeks.

Appellants correctly point out the factual differences between this case and the situation presented in *LCR*. But as discussed above, the Oklahoma Supreme Court's reasoning was not based on the fact that there had been no actual trial. Instead, the court concluded that no appeal could be taken from an order resolving a new trial motion addressed to an intermediate order.[10] The court recently reaffirmed its holding in *Chandler U.S.A., Inc. v. Tyree.*[11]

Also, other courts have reached the same conclusion on facts more similar to this case. For example, in *Cobb v. University of Southern California,*[12] the California Court of Appeal held that an order granting a new trial is appealable only to the extent that it contemplates a final judgment. In *Cobb,* two claims were tried, breach of contract and racial discrimination.[13] The jury found in the plaintiff's favor on the contract claim and could not reach a verdict on the discrimination claim.[14] The trial court declared a mistrial as to the discrimination claim, and it eventually granted a

[5]*Id.* at 1390.

[6]*Id.* at 1394.

[7]*Id.* at 1392.

[8]*Id.*

[9]*Id.* at 1393.

[10]*Id.*

[11]87 P.3d 598, 601 n.4 (Okla. 2004) (stating that "an adjudication of a motion for new trial addressed to an interlocutory order is not appealable").

[12]53 Cal. Rptr. 2d 71, 73 (Ct. App. 1996).

[13]*Id.* at 72.

[14]*Id.*

new trial as to the contract claim.[15] The California Court of Appeal dismissed the plaintiff's appeal from the order granting a new trial, reasoning that "the order granting a new trial, issued prior to final determination of all causes of action and issues in the case, was premature and is not appealable."[16]

Similarly, in *Rusin v. Midwest Enamelers, Inc.,*[17] the Arkansas Court of Appeals determined that an order denying a new trial motion is not appealable when the motion addresses an order resolving only some of the claims presented. In that case, the appellant had filed a complaint seeking liquidation and distribution of corporate assets, unpaid director's fees, and unpaid bonuses.[18] The trial court held a hearing on the liquidation claim only and denied it, expressly reserving all other issues for a jury trial.[19] The appellant filed a motion for new trial, which was also denied.[20] The Arkansas Court of Appeals dismissed the appeal, holding that despite the court rule providing "that appeals may be taken from orders refusing a new trial, that rule contemplates an appeal from an order granting or refusing a new trial in cases in which all issues have been presented and decided. It can have no application to cases involving multiple issues or claims in which some, but not all, are decided."[21]

Although conflicting authority exists,[22] the reasoning of the cases discussed above is more persuasive. The general rule requiring finality before an appeal may be taken is not merely technical, but is a crucial part of an efficient justice system. For the trial court, it inhibits interference from the appellate court during the course of preliminary and trial proceedings, and for the appellate court, it prevents an increased caseload and permits the court to review the matter with the benefit of a complete record. If we were to accept appellants' argument, then many interlocutory orders could become appealable simply if a party filed a new trial motion and then

[15]*Id.*

[16]*Id.* at 73.

[17]731 S.W.2d 226, 227 (Ark. Ct. App. 1987).

[18]*Id.* at 227.

[19]*Id.*

[20]*Id.*

[21]*Id.*

[22]*See, e.g., Travagliante v. J. W. Wood Realty Company,* 425 S.W.2d 208 (Mo. 1968) (holding that order granting new trial could be appealed even though some claims were still unresolved); *C.M. v. K.M.,* 878 S.W.2d 55, 56 (Mo. Ct. App. 1994) (holding that "any order granting a new trial is appealable even though the judgment to which the motion is directed is not final").

appealed from the order ruling on the motion. The result could be needless delay in district court proceedings while new trial orders were individually reviewed, a significantly increased caseload for this court, and confusion over the district court's jurisdiction and this court's jurisdiction.

And, we are unconvinced by appellants' assertion that if an interlocutory order granting or denying a new trial is not appealable, then the rule is meaningless. Appellants incorrectly assert that if a previous final judgment is required, then an order granting a new trial would be appealable as a special order after final judgment, and an order denying a new trial could be challenged in the appeal from the final judgment. Contrary to appellants' assertion, new trial motions often raise issues that are different from those presented simply by the judgment itself. While an appeal from a final judgment requires a review of the record, an appeal from a new trial order often seeks review based on evidence not in the record to that point, *e.g.,* juror misconduct or newly discovered evidence.[23] Thus, an appeal from an order resolving a new trial motion frequently involves issues that are substantially different from those related to the final judgment, and NRAP 3A(b)(2)'s inclusion of such orders is not rendered meaningless by disallowing appeals from interlocutory orders resolving new trial motions.[24] We therefore conclude that the order denying appellants' motion for a new trial in this case is not appealable.

## CONCLUSION

We conclude that NRAP 3A(b)(2) does not permit an appeal from an order granting or denying a new trial motion addressed to an interlocutory order or judgment. Accordingly, we grant respondent's motion, and we dismiss this appeal.[25]

---

[23]*See* NRCP 59(a); *see also* Roscoe Pound, *Appellate Procedure in Civil Cases* 42 (1941) (noting that "a new trial [is] 'granted upon things out of [the record], be the record never so right'") (quoting *Witham v. Lewis,* 1 Wils. 48, 55-56 (1744)).

[24]We further note that an order granting a new trial could not be a special order after final judgment, because if a new trial is granted, then the judgment is vacated. The order granting a new trial would simply be a nonappealable interlocutory order if it were not included in NRAP 3A(b)(2).

[25]Appellants moved to consolidate this appeal with their related writ petition challenging several other district court orders entered during the Phase I proceedings. In light of this opinion, we deny the motion to consolidate. But appellants shall be permitted to supplement their petition in Docket No. 41960 to address the new trial issues.