133 Nev., Advance Opinion 13

# IN THE SUPREME COURT OF THE STATE OF NEVADA

TRP INTERNATIONAL, INC., A
DELAWARE CORPORATION,
Appellant,
vs.
PROIMTU MMI LLC, A NEVADA
LIMITED LIABILITY COMPANY,
Respondent.

No. 71398

**FILED**

APR 06 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Appeal from a district court order granting a motion to amend judgment or, alternatively for reconsideration, vacating a prior judgment, and denying a motion to dismiss. Fifth Judicial District Court, Nye County; Steven Elliott, Judge.

*Dismissed.*

Pintar Albiston, LLP, and Becky Ann Pintar, Las Vegas,
for Appellant.

Fennemore Craig, P.C., and Christopher H. Byrd and Brenoch R. Wirthlin, Las Vegas,
for Respondent.

---

BEFORE HARDESTY, PARRAGUIRRE and STIGLICH, JJ.

*OPINION*

PER CURIAM:

In this appeal, we consider whether an order granting a motion to amend or reconsider a final judgment and vacating the

judgment is appealable as a special order after final judgment. We conclude that it is not and therefore dismiss this appeal.

## FACTS AND PROCEDURAL HISTORY

Respondent Proimtu MMI LLC filed an amended complaint alleging several causes of action related to the construction of a solar electricity plant in Tonopah. On February 16, 2016, the district court entered an order granting appellant TRP International, Inc.'s motion to dismiss the claims asserted by Proimtu against it and certified the judgment as final under NRCP 54(b). Proimtu timely filed a tolling motion pursuant to NRCP 59(e), see NRAP 4(a)(4)(C), asking that the district court amend or reconsider the order dismissing the complaint and allow the action to proceed. The district court granted the motion, vacated the February 16, 2016, order granting the motion to dismiss, and denied the motion to dismiss. TRP appeals from this order.

This court entered an order directing TRP to show cause why this appeal should not be dismissed for lack of jurisdiction, questioning whether the order granting the motion to amend and vacating the order granting the motion to dismiss is appealable. TRP has filed a response and Proimtu has replied.

## DISCUSSION

TRP contends that the challenged order is appealable as a special order after final judgment where the February 16, 2016, order is a final judgment (under NRCP 54(b)), and the challenged order was subsequently entered and substantively affects TRP's rights arising from the February 16, 2016, order. *See Gumm v. Mainor*, 118 Nev. 912, 920, 59 P.3d 1220, 1225 (2002) (defining an appealable special order after final judgment as a post-judgment order that affects the rights of a party to the action, growing out of the previously entered judgment). Proimtu counters

that orders amending or vacating a judgment are not appealable under NRAP 3A(b) or this court's caselaw, and an order denying a motion to dismiss is an interlocutory nonappealable order. Proimtu specifically asserts that the order is not a special order after final judgment because once the judgment is vacated, there can be no special order after final judgment.

The final judgment in this case (pursuant to NRCP 54(b)) was the February 16, 2016, order granting TRP's motion to dismiss. The post-judgment order granting the motion to amend or for reconsideration and vacating the judgment affected TRP's rights arising from the final judgment because TRP was once again subject to Proimtu's claims. Thus, the challenged order could arguably be interpreted as meeting the definition of a special order after final judgment and deemed appealable under NRAP 3A(b)(8).[1] *See, e.g.*, *Bates v. Nev. Sav. & Loan Ass'n*, 85 Nev. 441, 443, 456 P.2d 450, 452 (1969) (stating that an order granting a motion for rehearing is appealable as a special order after final judgment).

However, this court has also held that a post-judgment order vacating a final judgment is not a special order after final judgment. In *Reno-Hilton Resort Corp. v. Verderber*, 121 Nev. 1, 6 n.24, 106 P.3d 134, 137 n.24 (2005), this court noted that an order granting a motion for a new

---

[1]Proimtu cites *AA Primo Builders, LLC v. Washington*, 126 Nev. 578, 582, 245 P.3d 1190, 1193 (2010), for the proposition that an order granting a motion to vacate under NRCP 59(e) is not appealable. Proimtu misreads *AA Primo*. That case does not address the appealability of an order resolving a motion to vacate under NRCP 59(e), but rather its tolling effect. *Id.* at 581, 245 P.3d at 1192. Further, *AA Primo* deals with an order *denying* a NRCP 59(e) motion to vacate, not an order *granting* that motion, as is the case here. *Id.* at 580, 245 P.3d at 1192.

trial cannot be a special order after final judgment because once a new trial is granted, the judgment is vacated. Thus, an order granting a new trial would be a nonappealable interlocutory order if it were not independently appealable under NRAP 3A(b)(2). More recently, in *Estate of Adams v. Fallini*, 132 Nev., Adv. Op. 81, 386 P.3d 621, 624 (2016), we concluded that a post-judgment order granting a motion to set aside the judgment under NRCP 60(b) for fraud upon the court was interlocutory and not appealable. *See also* 15B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3916 (2d ed. 1992 and Supp. 2017) ("Orders granting motions to vacate should be treated in the same way as orders granting a new trial, and ordinarily are. An order that vacates a judgment and sets the stage for further trial court proceedings is not final."). Similarly, we conclude that an order granting a motion to amend or reconsider and vacating a final judgment is not a special order after final judgment; once a final judgment is vacated, there cannot be a special order after final judgment unless and until a new final judgment is entered. Accordingly, the challenged order is not appealable as a special order after final judgment.[2]

### CONCLUSION

An order granting a motion to amend or reconsider and vacating a final judgment is not appealable as a special order after final judgment under NRAP 3A(b)(8). Because TRP fails to demonstrate, and it

---

[2]To the extent TRP makes the suggestion, it fails to demonstrate that the challenged order is appealable as an order granting a new trial under NRAP 3A(b)(2). It does not appear, and TRP does not allege, that TRP moved for a new trial, and the district court did not grant a new trial. *See Fallini*, 132 Nev., Adv. Op. 81, 386 P.3d at 624 n.3.

SUPREME COURT
OF
NEVADA

(O) 1947A

does not appear, that the challenged order is otherwise appealable, *see Taylor Constr. Co. v. Hilton Hotels*, 100 Nev. 207, 209, 678 P.2d 1152, 1153 (1984) (providing that the right to appeal is statutory; where no statute or court rule authorizes an appeal, no right to an appeal exists), we conclude that we lack jurisdiction and dismiss this appeal.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich