# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| 180 LAND CO LLC, A NEVADA LIMITED-LIABILITY COMPANY,<br>Appellant,<br>vs.<br>CITY OF LAS VEGAS, A POLITICAL SUBDIVISION OF THE STATE OF NEVADA,<br>Respondent. | No. 77771 |

FILED

APR 2 2 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER DISMISSING APPEAL

This is an appeal from a district court order denying a petition for judicial review of a decision of the Las Vegas City Council regarding land use applications, and dismissing appellant's claims for inverse condemnation. Respondent has filed a motion to dismiss this appeal for lack of jurisdiction. Appellant opposes the motion and respondent has filed a reply.

Notice of entry of the challenged order was served electronically on counsel on November 26, 2018. On December 11, 2018, appellant filed a timely motion for rehearing or reconsideration of the portion of the challenged order dismissing its inverse condemnation claims, which tolled the time to file a notice of appeal. *See AA Primo Builders, LLC v. Washington,* 126 Nev. 578, 245 P.3d 1190 (2010). Appellant filed its notice of appeal on December 20, 2018. On February 6, 2019, the district court entered an order granting appellant's motion for reconsideration and removing its findings from the challenged order in regard to appellant's inverse condemnation claims. *See* NRAP 4(a)(6) ("A premature notice of appeal does not divest the district court of jurisdiction.").

19-17576

Respondent argues that this appeal should be dismissed for lack of jurisdiction because, after the district court's order granting reconsideration, the challenged order is no longer a final judgment. *See* NRAP 3A(b)(1) (allowing an appeal from a final judgment); *Lee v. GNLV Corp.*, 116 Nev. 424, 996 P.2d 416 (2000) (defining a final judgment). In its opposition, appellant concedes that the appeal as it relates to the inverse condemnation claims should be dismissed. However, appellant argues that the appeal in regard to the denial of the petition for judicial review should proceed because it represents a separate claim that was severed by the district court pursuant to NRCP 21.[1] *See Valdez v. Cox Commc'ns Las Vegas, Inc.*, 130 Nev. 905, 336 P.3d 969 (2014) (holding that an order finally resolving claims severed pursuant to NRCP 21 is final and appealable). Respondent counters that the district court's "severance" was made pursuant to NRCP 42, which does not provide for severance, but rather, for separate trials. *See, e.g., Corvello v. New England Gas Co.*, 247 F.R.D. 282, 285 (D.R.I. 2008) (noting that, although the terms "severance" and "separate trial" are sometimes used interchangeably, severing claims under FRCP 21 is distinguishable from separate trials under FRCP 42(b), and the distinction is meaningful for appellate jurisdiction purposes, because orders entered after the conclusion of a separate trial are often interlocutory and not appealable); *Reno Hilton Resort Corp. v. Verderber*, 121 Nev. 1, 106 P.3d 134 (2005) (recognizing that an order entered after the first phase of a bifurcated proceeding is not final, but interlocutory).

---

[1] Appellant acknowledges, however, that its motion for new trial pursuant to NRCP 59(e) remains pending in the district court, which could subject this appeal to dismissal as premature. *See* NRAP 4(a)(6) (providing this court with discretion to dismiss a premature appeal).

After review of the district court's order entered February 1, 2018, and the transcript of the hearing held January 11, 2018, it is apparent that the district court assigned the petition for judicial review and the inverse condemnation claims for separate trial pursuant to NRCP 42, rather than severance pursuant to NRCP 21. Thereafter, the district court's order granting appellant's motion for reconsideration rendered the challenged order interlocutory. Because appellant's claims for inverse condemnation remain pending below, the order challenged on appeal is not final and this court lacks jurisdiction over this appeal. Accordingly, respondent's motion to dismiss this appeal is granted, and this court

ORDERS this appeal DISMISSED.[2]

_____ C.J.
Gibbons

_____ , J.
Stiglich

_____ , J.
Silver

cc:     Hon. Timothy C. Williams, District Judge
        M. Nelson Segel, Settlement Judge
        Law Offices of Kermitt L. Waters
        Kaempfer Crowell/Las Vegas
        Hutchison & Steffen, LLC/Las Vegas
        McDonald Carano LLP/Las Vegas
        Las Vegas City Attorney
        McDonald Carano LLP/Reno
        Eighth District Court Clerk

---

[2]In light of this order, this court takes no action in regard to appellant's motion to correct caption, filed on February 15, 2019.

Supreme Court
OF
Nevada

(O) 1947A