[No. B114113. Second Dist., Div. Five. Oct. 16, 1997.]

NORTHERN TRUST BANK OF CALIFORNIA N.A., as Trustee, etc.,
Plaintiff and Respondent, v.
CHARLENE PINEDA et al., Defendants and Appellants;
BARBARA ARMANI MORGAN, Movant and Respondent.

604

**COUNSEL**

Stephen V. McCue for Defendants and Appellants.

Hoffman, Sabban & Watenmaker, Kenneth S. Wolf and Mary K. Ramsden for Plaintiff and Respondent.

Robert K. Wright for Movant and Respondent.

**OPINION**

**TURNER, P. J.**—Charlene and Donna Pineda, objectors in a trust proceeding (objectors), appeal from a purported charging order pursuant to Probate Code[1] section 17211. Because no final charging order against the objectors' future or present interests in the trust has yet been entered, we conclude the appeal must be dismissed.

On September 30, 1996, the Northern Trust Bank of California N.A., the trustee of the Elvira A. Reed Trust, filed a petition for instructions and an order settling a first account. On October 11, 1996, the objectors filed a separate complaint which alleged causes of action for: breach of the trust

---

[1]Unless otherwise indicated, all future statutory references are to the Probate Code.

instrument; negligence; gross negligence; fiduciary duty breach; constructive fraud; fraud; conspiracy to defraud; injunctive relief; and money had and received. The complaint was assigned a separate case number by the superior court clerk. Various proceedings were subsequently conducted in connection with this case.

On July 8, 1997, the trustee filed an ex parte application to: confirm the applicability of section 17200 et seq. to the complaint filed by the objectors on October 11, 1996; confirm a prior order that the trust matter and the complaint filed October 11, 1996, were consolidated for all purposes; and charge the objectors' interests in the trust pursuant to section 17211 with the costs incurred in connection with the ex parte application of July 8, 1997. The objectors were permitted to file a written opposition to the ex parte application. On July 9, 1997, an opposition was filed by counsel for the objectors.

On July 11, 1997, the court signed an order. The order contained a 12-paragraph recital of factual and legal findings. One of the paragraphs states, "The refusal of CHARLENE PINEDA and DONNA PINEDA to withdraw their request for jury trial and their demand that the Trustee file a separate response to the Pineda Complaint were without reasonable basis and done in bad faith such that the costs of this ex parte application are chargeable against their interests in the Trust in accordance with Probate C[o]de section 17211." After the recitals, the document signed by the trial judge contained the following, "Now THEREFORE, the Court orders as follows:" The portion of the document which followed contained three paragraphs. The first paragraph indicated there would be no jury trial. The second paragraph indicated that the complaint filed by the objectors on October 11, 1996, would be deemed objections to the aforementioned trustee's petition for instructions. As noted previously, the petition for instructions was filed on September 30, 1996. The third paragraph of the July 11, 1997, order stated: "That costs incurred by the Trustee in connection with this *ex parte* application, including reasonable attorney fees, in the amount of $_____ shall be charged equally against the residual portion of the trust estate otherwise distributable to CHARLENE PINEDA and against amounts due to DONNA PINEDA by reason of her creditor's claim." However, the third paragraph of the order was crossed out in its entirety. Further, the trial judge did not fill in the amount to be charged pursuant to section 17211. Under the third paragraph, which had been crossed out and the amount to be charged left blank, the trial judge affixed his signature.

■ The trustee has moved to dismiss the appeal and seek sanctions. A joinder in the trustee's motion to dismiss and for sanctions has been filed by

a beneficiary, Barbara Armani Morgan. Ms. Morgan was named as a defendant in the complaint filed by the objectors on October 11, 1996. In their opposition to the dismissal motion filed in this court, the objectors contend the charging order is appealable.

Because no final order has been entered, the present appeal must be dismissed. Subject to certain narrow constitutional limitations, there is no constitutional right to appeal. (*Lindsey* v. *Normet* (1972) 405 U.S. 56, 77 [92 S.Ct. 862, 876, 31 L.Ed.2d 36]; *Trede* v. *Superior Court* (1943) 21 Cal.2d 630, 634 [134 P.2d 745].) The California Supreme Court has repeatedly held that the right to appeal is wholly statutory. (*People* v. *Chi Ko Wong* (1976) 18 Cal.3d 698, 709 [135 Cal.Rptr. 392, 557 P.2d 976], disapproved on another point in *People* v. *Green* (1980) 27 Cal.3d 1, 33-34 [164 Cal.Rptr. 1, 609 P.2d 468] [". . . a judgment or order is not appealable unless expressly made so by statute"]; *Skaff* v. *Small Claims Court* (1968) 68 Cal.2d 76, 78 [65 Cal.Rptr. 65, 435 P.2d 825] [". . . a party possesses no right of appeal except as provided by statute"]; *People* v. *Keener* (1961) 55 Cal.2d 714, 720 [12 Cal.Rptr. 859, 361 P.2d 587], disapproved on another point in *People* v. *Butler* (1966) 64 Cal.2d 842, 844-845 [52 Cal.Rptr. 4, 415 P.2d 819] [". . . an order is not appealable unless declared to be so by the Constitution or by statute"]; *People* v. *Valenti* (1957) 49 Cal.2d 199, 204 [316 P.2d 633], disapproved on another point in *People* v. *Sidener* (1962) 58 Cal.2d 645, 647 [25 Cal.Rptr. 697, 375 P.2d 641] [". . . the right of appeal is statutory and a judgment or order is not appealable unless it is expressly made so by statute"]; *Modern Barber Col.* v. *Cal. Emp. Stab. Com.* (1948) 31 Cal.2d 720, 728 [192 P.2d 916] [". . . the Legislature has the power to declare by statute what orders are appealable, and, unless a statute does so declare, the order is not appealable"]; *Trede* v. *Superior Court, supra,* 21 Cal.2d at p. 634 [there being no constitutional right of appeal, ". . . the appellate procedure is entirely statutory and subject to complete legislative control"]; *Superior Wheeler C. Corp.* v. *Superior Court* (1928) 203 Cal. 384, 386 [264 P. 488] ["right of appeal is statutory and may be granted or withheld"].) Accordingly, there being no constitutional issue raised by the dismissal motion, the question before us is entirely statutory.

The right to appeal in trust proceedings is initially defined in Code of Civil Procedure section 904.1, subdivision (a)(10), as follows: "(a) An appeal may be taken from a superior court in the following cases: [¶] . . . [¶] . . . (10) From an order made appealable by the provisions of the Probate Code or the Family Code." Section 17207 which applies to trust proceedings states in its entirety as follows: "An appeal may be taken from the grant or denial of any final order made under this chapter, except the following: [¶] (a) Compelling the trustee to submit an account or report acts

as trustee to a beneficiary pursuant to paragraph (7) of subdivision (b) of Section 17200. [¶] (b) Accepting the resignation of a trustee pursuant to paragraph (11) of subdivision (b) of Section 17200. [¶] (c) Approving removal of a testamentary trust from continuing court jurisdiction pursuant to paragraph (18) of subdivision (b) of Section 17200." Section 17211, subdivision (a), states in its entirety: "If a beneficiary contests the trustee's account and the court determines that the contest was without reasonable cause and in bad faith, the court may award against the contestant the compensation and costs of the trustee and other expenses and costs of litigation, including attorney's fees, incurred to defend the account. The amount awarded shall be a charge against any interest of the beneficiary in the trust. The contestant shall be personally liable for any amount that remains unsatisfied."

We agree with the objectors' argument that, depending on the circumstances, an order to pay attorney fees in probate, guardianship, and conservatorship proceedings may be appealable. (Cf. *Sjoberg* v. *Hastorf* (1948) 33 Cal.2d 116, 119 [199 P.2d 668] [collateral order doctrine]; *Estate of Effron* (1981) 117 Cal.App.3d 915, 921, fn. 3 [173 Cal.Rptr. 93] [interpreting former section 1240].) However, two problems undermine the objectors' contention. To begin with, no order was made. The trial judge crossed out the paragraph in the order which required the payment of attorney fees. In the absence of an order or judgment, a trial judge's findings are not appealable. (*Gosney* v. *State of California* (1970) 10 Cal.App.3d 921, 928 [89 Cal.Rptr. 390]; *Estate of Cuneo* (1963) 214 Cal.App.2d 381, 383 [29 Cal.Rptr. 497].) Further, even if an order has been entered, it is not final as required by the express language of section 17207. The United States Supreme Court has described the federal final judgment rule for determining appealability as follows: " 'A "final decision" generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.' [Citation.]" (*Budinich* v. *Becton Dickinson & Co.* (1988) 486 U.S. 196, 199 [108 S.Ct. 1717, 1720, 100 L.Ed.2d 178]; accord, *Stringfellow* v. *Concerned Neighbors in Action* (1987) 480 U.S. 370, 374-375 [107 S.Ct. 1177, 1181-1182, 94 L.Ed.2d 389]; *Catlin* v. *United States* (1945) 324 U.S. 229, 233 [65 S.Ct. 631, 633-634, 89 L.Ed. 911].) Although the foregoing United States Supreme Court authority is not directly controlling in terms of the issues raised by the objectors, there is nothing remotely resembling any "final order" in the present case within the meaning of section 17207. The trial judge in the present case has not ordered that any sum of money be paid by the objectors. That issue, the amount to be charged, remains to be litigated. The trustee has no authority to execute on any property or interest at present. Hence, there is no final order within the meaning of section 17207. Accordingly, because there were only factual findings but no actual

order and, in any event, no sum of money to be charged pursuant to section 17211, subdivision (a), has been fixed by the trial judge, the appeal must be dismissed.[2]

The appeal is dismissed. The Northern Trust Bank of California N.A., the trustee of the Elvira A. Reed Trust, and Barbara Armani Morgan shall each recover their costs on appeal jointly and severally from the objectors, Charlene and Donna Pineda.

Grignon, J., and Jackson, J.,* concurred.

---

[2]The trustee has requested that we impose sanctions. However, although the issue is close, the evidence that the present appeal was taken for delay or is frivolous is not sufficiently conclusive to permit the imposition of monetary sanctions pursuant to rule 26(e) of the California Rules of Court.

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.