[No. B130254. Second Dist., Div. Five. May 13, 1999.]

ETHEL RUBIN, Plaintiff and Respondent, v.
WESTERN MUTUAL INSURANCE COMPANY et al., Defendants and
Appellants.

## Counsel

Brown & Peterson, Delos E. Brown, Marguerite L. Brown; Law Office of Joseph R. Zamora and Joseph R. Zamora for Defendants and Appellants.

Law Offices of Jeffrey C. Bogert and Jeffrey C. Bogert for Plaintiff and Respondent.

## Opinion

**TURNER, P. J.—**

### I. Introduction

Defendant, Western Mutual Insurance Company, purports to appeal after a judgment confirming an appraisal award prior to trial was entered pursuant

to Code of Civil Procedure section 1287.4.[1] The merits of all four of plaintiff's causes of action remain unresolved. We conclude that the present appeal must be dismissed because no final judgment has been entered within the meaning of section 904.1, subdivision (a).[2]

## II. THE COMPLAINT

### A. *First Cause of Action*

On January 12, 1996, plaintiff, Ethel Rubin, filed a complaint against defendant as well as others who are not parties to the present appeal. The first cause of action was for contract breach. The complaint's allegations indicated that plaintiff purchased an earthquake policy from defendant for her San Fernando Valley residence. On January 17, 1994, plaintiff's San Fernando Valley property was damaged in an earthquake. On the same day, she notified her insurer of the damage to her property. As of the date of the filing of the lawsuit, plaintiff's claim had not been paid and defendant was threatening to cancel her policy. According to the complaint's allegations, defendant had failed to investigate the claim. Further, defendant promised to pay for the services of a structural engineer to determine the habitability of plaintiff's residence. However, defendant, according to the complaint, then refused to honor its prior agreement to pay for a structural engineer. Based on the foregoing, plaintiff alleged defendant had violated the terms of the insurance contract.

### B. *Second Cause of Action*

The second cause of action was for breach of the implied covenant of good faith and fair dealing. Plaintiff alleged defendant acted unreasonably and in bad faith in failing to: conduct a reasonable investigation; pay "legitimate costs for experts" after promising to do so; and return written communications concerning the claim. Additionally, it was alleged defendant acted unreasonably and in bad faith by: conditioning payment of benefits

---

[1] All future statutory references are to the Code of Civil Procedure.

[2] Section 904.1, subdivision (a)(1) states: "An appeal, other than in a limited civil case, is to the court of appeal. An appeal, other than in a limited civil case, may be taken from any of the following: [¶] (1) From a judgment, except (A) an interlocutory judgment, other than as provided in paragraphs (8), (9), and (11), (B) a judgment of contempt that is made final and conclusive by Section 1222, or (C) a judgment granting or denying a petition for issuance of a writ of mandamus or prohibition directed to a municipal court or the superior court in a county in which there is no municipal court or the judge or judges thereof that relates to a matter pending in the municipal or superior court. However, an appellate court may, in its discretion, review a judgment granting or denying a petition for issuance of a writ of mandamus or prohibition, or a judgment or order for the payment of monetary sanctions, upon petition for an extraordinary writ."

upon release of future claims; refusing to provide funds for repair of the damaged property; delaying settlement of plaintiff's claim; failing to effectuate a fair and equitable settlement of plaintiff's claim; and canceling plaintiff's earthquake policy. Also, it was alleged defendant had misrepresented policy provisions including the period of limitations to file suit. Plaintiff alleged that defendant engaged in similar conduct on other occasions with different policyholders. Based upon all of the foregoing allegations in the complaint, plaintiff alleged defendant violated the implied covenant of good faith and fair dealing.

## C. *Third Cause of Action*

The third cause of action was for fraud. It realleged all the facts set forth in the first two causes of action. It was alleged in the fraud cause of action that: defendant represented it would pay moneys for experts in the event of an earthquake to evaluate the amount of damage sustained; defendant promised to indemnify plaintiff for all losses sustained including legal expenses; these representations were made in order to deceive and defraud plaintiff; a consultant was hired by defendant for the express purpose of rendering "false, fraudulent, and misleading reports of only cosmetic or obvious damages"; such a false and misleading report was prepared; and plaintiff justifiably relied on these aforementioned misrepresentations to her detriment.

## D. *Fourth Cause of Action*

The fourth cause of action was for intentional infliction of severe emotional distress. It realleged all of the foregoing facts. According to the complaint, the earthquake was a presidentially declared disaster. Defendants knew plaintiff was seriously ill and could not leave her bedroom. Engaging in all of the aforementioned conduct was alleged to be extreme and outrageous conduct.

## E. *Damage Claims*

Plaintiff sought compensation for the amounts due under the policy. Further, she sought damages for emotional distress. Moreover, she sought awards of attorney fees and punitive damages.

## III. Pertinent Procedural History

As earlier noted, on January 12, 1996, the complaint was filed. On April 15, 1996, pursuant to section 1281.2, defendant filed a petition to compel

arbitration pursuant to the appraisal provisions of the insurance policy. The appraisal provision of the policy stated as follows: "**Appraisal**. If you and we fail to agree on the amount of **actual cash value** or amount of loss, either one can demand a determination by appraisal. If either makes a written demand for appraisal, each shall select a competent, independent appraiser and notify the other of the appraiser's identity within 20 days of receipt of the written demand. The two appraisers shall then select a competent, impartial umpire. If the two appraisers are unable to agree upon an umpire within 15 days, you or we can ask a judge of a court of record in the state where the **residence premises** is located to select an umpire. The appraisers shall then set the amount of the **actual cash value** and loss to each item. If the appraisers submit a written report of an agreement to us, the amount agreed upon shall be the amount of **actual cash value** and loss. If the appraisers fail to agree within a reasonable time, they shall submit their differences to the umpire. Written agreement signed by any two of these three shall set the amount of the **actual cash value** and loss. Each appraiser shall be paid by the party selecting that appraiser. Other expenses of the appraisal and the compensation of the umpire shall be paid equally by you and us." (Original boldface.) On May 6, 1996, the trial court granted the motion to compel arbitration.

The parties were unable to agree on an arbitrator. On August 7, 1997, plaintiff filed a petition to appoint an arbitrator. On August 22, 1997, an arbitrator was appointed by the trial court. On December 21, 1998, the arbitrator returned his award concluding that the amount of damage to plaintiff's residence was in the sum of $94,684.54.

On January 18, 1999, plaintiff filed a petition to confirm the award pursuant to section 1285, which was opposed by defendant. On March 4, 1999, the award was confirmed by the trial court. On March 9, 1999, defendant filed a notice of appeal from the order granting the petition to confirm the award. Subsequently, On March 24, 1999, a document entitled "JUDGMENT RE PETITION FOR CONFIRMATION OF APPRAISAL AWARD" was filed. In connection with a supersedeas petition and stay request, we noted that it appeared the purported judgment, entered March 24, 1999, was not final for purposes of conferring appellate jurisdiction on this court. Pursuant to our obligation to raise issues concerning our jurisdiction (*Jennings* v. *Marralle* (1994) 8 Cal.4th 121, 126-127 [32 Cal.Rptr.2d 275, 876 P.2d 1074]; *Olson* v. *Cory* (1983) 35 Cal.3d 390, 398 [197 Cal.Rptr. 843, 673 P.2d 720]), we issued an order to show cause concerning possible dismissal of the present appeal. As of this date, the merits of all issues in the complaint except the amount of damage to plaintiff's residence await a trial.

## IV. THE JUDGMENT ENTERED MARCH 24, 1999, IS NOT SUFFICIENTLY FINAL TO CONFER APPELLATE JURISDICTION ON THIS COURT

█ Subject to certain narrow constitutional limitations, there is no right to appeal. (*Lindsey* v. *Normet* (1972) 405 U.S. 56, 77 [92 S.Ct. 862, 876, 31 L.Ed.2d 36]; *Trede* v. *Superior Court* (1943) 21 Cal.2d 630, 634 [134 P.2d 745].) The California Supreme Court has repeatedly held that the right to appeal is wholly statutory. (*People* v. *Chi Ko Wong* (1976) 18 Cal.3d 698, 709 [135 Cal.Rptr. 392, 557 P.2d 976], disapproved on another point in *People* v. *Green* (1980) 27 Cal.3d 1, 34-35 [164 Cal.Rptr. 1, 609 P.2d 468] [". . . a judgment or order is not appealable unless expressly made so by statute"]; *Skaff* v. *Small Claims Court* (1968) 68 Cal.2d 76, 78 [65 Cal.Rptr. 65, 435 P.2d 825] [". . . a party possesses no right of appeal except as provided by statute"]; *People* v. *Keener* (1961) 55 Cal.2d 714, 720 [12 Cal.Rptr. 859, 361 P.2d 587], disapproved on another point in *People* v. *Butler* (1966) 64 Cal.2d 842, 844 [52 Cal.Rptr. 4, 415 P.2d 819] [". . . an order is not appealable unless declared to be so by the Constitution or by statute"]; *People* v. *Valenti* (1957) 49 Cal.2d 199, 204 [316 P.2d 633], disapproved on another point in *People* v. *Sidener* (1962) 58 Cal.2d 645, 647 [25 Cal.Rptr. 697, 375 P.2d 641] [". . . the right of appeal is statutory and a judgment . . . is not appealable unless it is expressly made so by statute"]; *Modern Barber Col.* v. *Cal. Emp. Stab. Com.* (1948) 31 Cal.2d 720, 728 [192 P.2d 916] [". . . the Legislature has the power to declare by statute what orders are appealable, and, unless a statute does so declare, the order is not appealable"]; *Trede* v. *Superior Court, supra*, 21 Cal.2d at p. 634 ["[t]here is no constitutional right of appeal; the appellate procedure is entirely statutory and subject to complete legislative control"]; *Superior Wheeler C. Corp.* v. *Superior Court* (1928) 203 Cal. 384, 386 [264 P. 488] ["right of appeal is statutory and may be granted or withheld"].) Accordingly, there being no constitutional issue raised by the dismissal issues before us, the question before us is entirely statutory.

Before analyzing the appealability of the March 24, 1999, judgment, it is appropriate to identify the arbitrable nature of proceedings that transpired in the trial court. Insurance Code section 2071 sets forth the California Standard Form Fire Insurance Policy. (E.g., *Montrose Chemical Corp.* v. *Admiral Ins. Co.* (1995) 10 Cal.4th 645, 665 [42 Cal.Rptr.2d 324, 913 P.2d 878]; *Prudential-LMI Com. Insurance* v. *Superior Court* (1990) 51 Cal.3d 674, 682 [274 Cal.Rptr. 387, 798 P.2d 1230].) As part of the standard form, there is an appraisal paragraph which is very similar to the language in the present

case.[3] The parties quite rightly do not dispute that the standard fire insurance form appraisal language has consistently been held to be an arbitration clause. (§ 1280, subd. (a); *Cheng-Canindin* v. *Renaissance Hotel Associates* (1996) 50 Cal.App.4th 676, 685 [57 Cal.Rptr.2d 867]; *Coopers & Lybrand* v. *Superior Court* (1989) 212 Cal.App.3d 524, 532-534 [260 Cal.Rptr. 713]; *Appalachian Insurance Co.* v. *Rivcom Corp.* (1982) 130 Cal.App.3d 818, 824 [182 Cal.Rptr. 11].) Moreover, the parties are in agreement that the appraisal language in the present earthquake policy is an arbitration agreement. We concur in the parties' agreement and the implied determination of the trial court that the appraisal language in the present policy is an arbitration agreement.

■ Defendant argues that the March 24, 1996, judgment is appealable now. An order confirming an award is to be reduced to a judgment. Section 1287.4 provides: "If an award is confirmed, judgment shall be entered in conformity therewith. The judgment so entered has the same force and effect as, and is subject to all the provisions of law relating to, a judgment in a civil action of the same jurisdictional classification; and it may be enforced like any other judgment of the court in which it is entered, in an action of the same jurisdictional classification."[4] (E.g. *Graham* v. *Scissor-Tail, Inc.* (1981) 28 Cal.3d 807, 811 [171 Cal.Rptr. 604, 623 P.2d 165]; *Buchwald* v. *Katz* (1972) 8 Cal.3d 493, 499 [105 Cal.Rptr. 368, 503 P.2d 1376].) However, the

[3]The appraisal paragraph in Insurance Code section 2071 states: "In case the insured and this company shall fail to agree as to the actual cash value or the amount of loss, then, on the written demand of either, each shall select a competent and disinterested appraiser and notify the other of the appraiser selected within 20 days of such demand. The appraisers shall first select a competent and disinterested umpire; and failing for 15 days to agree upon such umpire, then, on request of the insured or this company, such umpire shall be selected by a judge of a court of record in the state in which the property covered is located. The appraisers shall then appraise the loss, stating separately actual cash value and loss to each item; and, failing to agree, shall submit their differences, only, to the umpire. An award in writing, so itemized, of any two when filed with this company shall determine the amount of actual cash value and loss. Each appraiser shall be paid by the party selecting him and the expenses of appraisal and umpire shall be paid by the parties equally."

[4]There is no issue before us in connection with the language ". . . of the same jurisdictional classification; and it may be enforced like any other judgment of the court in which it is entered, in an action of the same jurisdictional classification . . . ." (§ 1287.4.) The "same jurisdictional classification" language was added to section 1287.4 in 1998. (Stats. 1998, ch. 931, § 124.) The "same jurisdictional classification" language was added as part of a legislative response to the adoption by the voters of Proposition 220 on June 2, 1998, which allowed for voluntary unification of California trial courts. The Legislative Counsel's Digest for Senate Bill No. 2139 states: "The California Constitution provides for the establishment of superior and municipal courts, as specified, in each county. SCA 4 of the 1995-96 Regular Session, as approved by the voters on June 2, 1998, provides for the abolition of municipal courts within a county, and for the establishment of a unified superior court for that county, upon a majority vote of superior court judges and a majority vote of municipal court judges within the county; provides for the qualification and election of the judges; and revises the number of jurors required in certain civil actions. [¶] This bill would make various statutory

fact that the judgment and the issues pertaining to the order confirming the award may ultimately be reviewed on appeal does not mean they are appealable now.

■ Normally, in civil cases, there can only be an appeal from a final judgment. The California Supreme Court has noted: "An appeal from a judgment that is not final violates the one final judgment rule and must therefore be dismissed (e.g., *Mather* v. *Mather* (1936) 5 Cal.2d 617, 618 [55 P.2d 1174]; *Cobb* v. *University of So. California* (1996) 45 Cal.App.4th 1140, 1146 [53 Cal.Rptr.2d 71]) . . . ." (*Sullivan* v. *Delta Air Lines, Inc.* (1997) 15 Cal.4th 288, 307 [63 Cal.Rptr.2d 74, 935 P.2d 781].) The nature of the one final judgment rule was described in *Sullivan* by the Supreme Court as follows: "In its most fundamental sense, 'finality' is an attribute of every judgment at the moment it is rendered; indeed, if a judicial determination is not immediately 'final' in this sense it is not a judgment, no matter what it is denominated. The Legislature has incorporated this meaning of finality into the very definition of a judgment: 'A judgment is the *final* determination of the rights of the parties in an action or proceeding.' (Code Civ. Proc., § 577, italics added.) And we have explained the meaning as follows: 'A judgment is final "when it terminates the litigation between the parties on the merits of the case and leaves nothing to be done but to enforce by execution what has been determined." ' (*Doudell* v. *Shoo* (1911) 159 Cal. 448, 453 . . . ; accord, *Lyon* v. *Goss* (1942) 19 Cal.2d 659, 670 . . . ; *Olson* v. *Cory* (1983) 35 Cal.3d 390, 399 . . . .) [¶] Finality in this sense not only makes a judicial determination a judgment, it also makes that judgment appealable. As we recently observed, 'A judgment that leaves no issue to be determined except the fact of compliance with its terms is appealable.' (*California Assn. of Psychology Providers* v. *Rank* (1990) 51 Cal.3d 1, 9 . . . .) Indeed, recognizing that this meaning of finality is so fundamental that it is essentially redundant to speak of a '*final* judgment' in this sense, the Legislature no longer provides in the basic statute authorizing appeals from the superior court that such an appeal may be taken 'From a *final* judgment entered in an action, or special proceeding' (former Code Civ. Proc., § 963, subd. 1, italics added); the statute now provides simply that an appeal may be taken 'From a judgment' (Code Civ. Proc., § 904.1, subd. (a)(1)). The meaning is the same." (*Sullivan* v. *Delta Air Lines, supra,* 15 Cal.4th at p. 304, original italics.) In determining whether a judgment is final, its substance governs, not its label or form. (*Daar* v. *Yellow Cab Co.* (1967) 67 Cal.2d 695, 698-699 [63 Cal.Rptr. 724, 433 P.2d 732]; *Joyce* v. *Black* (1990) 217 Cal.App.3d 318, 321 [266 Cal.Rptr. 8].)

changes to implement and conform to the unification of trial courts pursuant to the constitutional amendment." (Legis. Counsel's Dig., Sen. Bill No. 2139 (1997-1998 Reg. Sess.).)

It is clear that the "judgment" in the present case is not final. The award only appraised the amount of earthquake damage to plaintiff's residence. Remaining for trial are all four causes of action for contract breach, a violation of the implied covenant of good faith and fair dealing, fraud, and intentional infliction of severe emotional distress. Every cause of action remains to be tried; the only issue that has been resolved is the amount of structural damage legally caused by the earthquake. Under no circumstances has a final judgment been entered.

Defendant argues though that the final judgment rule has no application to cases involving arbitration awards. Defendant argues that the judgment identified in section 1287.4 entered after an award has been confirmed is immediately appealable. Defendant points to the language in section 1294, subdivision (d) which lists the appealable arbitration orders as follows in pertinent part: "An aggrieved party may appeal from: [¶] . . . [¶] (d) A judgment entered pursuant to this title." Hence, defendant reasons that since it may appeal pursuant to section 1294, subdivision (d) from the judgment entered in compliance with section 1287.4, it may do so without waiting for any of the four causes of action to be resolved.

We, with respect, disagree. As previously noted, section 1287.4 provides in connection with a judgment confirming an award: "If an award is confirmed, judgment shall be entered in conformity therewith. The judgment so entered . . . is subject to *all* the provisions of law relating to a judgment in a civil action . . . ." (Italics added.) In this context, all means all. Further, the language "subject to" is consistent with the limited nature of a judgment issued pursuant to section 1287.4. In *Swan Magnetics, Inc.* v. *Superior Court* (1997) 56 Cal.App.4th 1504, 1510-1511 [66 Cal.Rptr.2d 541], our colleagues in the Sixth District Court of Appeal construed the "subject to" language in section 1287.4 as follows: "The phrase 'subject to' [in section 1287.4] is not synonymous with 'according to' or 'consistent with'; it means conditioned upon, limited by, or subordinate to. (*Coffey* v. *Superior Court* (1905) 147 Cal. 525, 535 . . . ; *National Auto. & Casualty Ins. Co.* v. *Frankel* (1988) 203 Cal.App.3d 830, 835 . . . ; *Shay* v. *Roth* (1923) 64 Cal.App. 314, 318 []; *Colonial Savings & L. Assn.* v. *Redwood Empire Title Co.* (1965) 236 Cal.App.2d 186, 191-192 . . . ; *State* v. *Willburn* (1967) 49 Hawaii 651 [426 P.2d 626, 630].)" The express language of section 1287.4 requires that a judgment imposed after confirmation of an arbitration award be treated as one in an ordinary civil action; as a result, the finality requirement before an appeal may proceed is applicable to the present case. Moreover, there is no statutory language which suggests that the finality requirement of section 904.1, subdivision (a) is inapplicable to an appeal from a section 1287.4 judgment confirming an arbitration award. Further,

there is no evidence of a legislative intent that the finality requirement applicable to civil appeals not apply to a judgment imposed pursuant to section 1287.4 when all of the causes of action in a complaint remain to be decided. Because the present case involves a matter where all four causes of action remain to be tried and the "judgment" is not final, the appeal must be dismissed.[5] (*Northern Trust Bank* v. *Pineda* (1997) 58 Cal.App.4th 603, 606-608 [68 Cal.Rptr.2d 357]; *Kinoshita* v. *Horio* (1986) 186 Cal.App.3d 959, 967-968 [231 Cal.Rptr. 241].)

Two additional points warrant comment. First, our holding is limited to the appealablity of a judgment imposed pursuant to section 1287.4 confirming an arbitration award where the resolution of the merits of the complaint remain unresolved. Other orders listed in section 1294[6] do not contain the restrictive language in section 1287.4. (E.g., *Mid-Wilshire Associates* v. *O'Leary* (1992) 7 Cal.App.4th 1450, 1453 [9 Cal.Rptr.2d 862] [order dismissing a petition to confirm, correct or vacate an award]; *Hobbs* v. *Bateman Eichler, Hill Richards, Inc.* (1985) 164 Cal.App.3d 174, 190-192 [210 Cal.Rptr. 387] [order denying petition to compel arbitration].) These cases do not involve a judgment subject to the limiting language in section 1287.4. We need not address under what circumstances, if ever, the section 904.1, subdivision (a) finality requirement applies to the other orders identified in section 1294. Second, the issues raised by defendant in the trial court concerning the legitimacy of the appraisal award can be raised in an appeal from a final judgment after the trial. (§§ 906, 1294.2.)[7]

---

[5]All decisions we have found applying section 1287.4 involve final judgments where there was no remaining litigation between the parties. (E.g., *Graham* v. *Scissor-Tail, Inc.* (1981) 28 Cal.3d 807, 811 [171 Cal.Rptr. 604, 623 P.2d 165]; *Doyle* v. *Giuliucci* (1965) 62 Cal.2d 606, 607 [43 Cal.Rptr. 697, 401 P.2d 1].)

[6]Section 1294 provides in its entirety: "An aggrieved party may appeal from: [¶] (a) An order dismissing or denying a petition to compel arbitration. [¶] (b) An order dismissing a petition to confirm, correct or vacate an award. [¶] (c) An order vacating an award unless a rehearing in arbitration is ordered. [¶] (d) A judgment entered pursuant to this title. [¶] (e) A special order after final judgment."

[7]Section 906 states: "Upon an appeal pursuant to Section 904.1 or 904.2, the reviewing court may review the verdict or decision and any intermediate ruling, proceeding, order or decision which involves the merits or necessarily affects the judgment or order appealed from or which substantially affects the rights of a party, including, on any appeal from the judgment, any order on motion for a new trial, and may affirm, reverse or modify any judgment or order appealed from and may direct the proper judgment or order to be entered, and may, if necessary or proper, direct a new trial or further proceedings to be had. The respondent, or party in whose favor the judgment was given, may, without appealing from such judgment, request the reviewing court to and it may review any of the foregoing matters for the purpose of determining whether or not the appellant was prejudiced by the error or errors upon which he relies for reversal or modification of the judgment from which the

The appeal is dismissed. Plaintiff, Ethel Rubin, shall recover her costs incurred on appeal from defendant, Western Mutual Insurance Company.

Godoy Perez, J., and Kriegler, J.,* concurred.

---

appeal is taken. The provisions of this section do not authorize the reviewing court to review any decision or order from which an appeal might have been taken."

Section 1294.2 provides in its entirety: "The appeal shall be taken in the same manner as an appeal from an order or judgment in a civil action. Upon an appeal from any order or judgment under this title, the court may review the decision and any intermediate ruling, proceeding, order or decision which involves the merits or necessarily affects the order or judgment appealed from, or which substantially affects the rights of a party. The court may also on such appeal review any order on motion for a new trial. The respondent on the appeal, or party in whose favor the judgment or order was given may, without appealing from such judgment, request the court to and it may review any of the foregoing matters for the purpose of determining whether or not the appellant was prejudiced by the error or errors upon which he relies for reversal or modification of the judgment or order from which the appeal is taken. The provisions of this section do not authorize the court to review any decision or order from which an appeal might have been taken."

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.