Filed 5/11/15  Inhale, Inc. v. Worldwide Smoke, Inc. CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| INHALE, INC., | |
| Plaintiff and Appellant, | G049418 |
| v. | (Super. Ct. No. 30-2011-00501167) |
| WORLDWIDE SMOKE, INC., et al., | O P I N I O N |
| Defendants and Respondents. | |

Appeal from a judgment of the Superior Court of Orange County, Robert D. Monarch, Judge.  (Retired Judge of the Orange Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Reversed and remanded with directions.

SLC Law Group and Louis F. Teran for Plaintiff and Appellant.

Allione & Associates, Paul R. Allione and Bryan K. Theis for Defendant and Respondent Worldwide Smoke, Inc.

Law Firm of Michael Hammad and Michael Hammad for Defendant and Respondent Hussam Bard.

*     *     *

Appellant Inhale, Inc. (Inhale), sued respondents Worldwide Smoke, Inc. (Worldwide), and Worldwide's owner Hussam Bard for, among other things, breach of contract and fraud. Worldwide had contracted with Inhale for Inhale to manufacture hookahs under the brand name Ed Hardy. After Inhale had manufactured approximately 5,000 units, Worldwide terminated the contract. Inhale later discovered Worldwide did not have a license to sell hookahs under the Ed Hardy brand and had received a cease and desist letter from the trademark owner.

The court granted Worldwide's and Bard's motions to compel arbitration of all claims against them. Inhale filed a separate demand for arbitration with the American Arbitration Association, but included only its breach of contract claim, and only against Worldwide. Inhale obtained an arbitration award of $175,000 against Worldwide, which was confirmed by the trial court.

Inhale then came back to the trial court and set the fraud claim for trial. Worldwide and Bard demurred, arguing the fraud claim was ordered to arbitration and was now barred by res judicata. The trial court found Worldwide was judicially estopped from making that claim, however, and thus overruled the demurrers. The fraud claim was tried to a jury, which found in favor of Inhale, but awarded only $75,000. The issue of whether Bard was the alter ego of Worlwide was tried to the court, which found Bard was not the alter ego of Worldwide. The trial court apparently believed the jury award was in conflict with the arbitrator's award and modified the order confirming the arbitration award by reducing the arbitration award to the same amount awarded by the

2

jury. The court also ordered Inhale to turn over the hookahs it manufactured to Worldwide.

Inhale appealed, arguing the trial court had no jurisdiction to modify the arbitration award, but instead should have added the fraud judgment to the arbitration award. Inhale also contends the court erred in finding Bard was not Worldwide's alter ego, and also erred in ordering Inhale to turn over the hookahs to Worldwide. Worldwide contends the judgment should be affirmed in all respects.

We invited the parties to brief the following issue: Did the order compelling arbitration and the subsequent order confirming the arbitration award preclude Inhale from proceeding on its fraud claim in the trial court? We received supplemental briefs from both sides, and we now conclude the court erred by permitting any claims to proceed against either Worldwide or Bard after the arbitration. The court's judicial estoppel finding against Worldwide was error. All claims against Worldwide and Bard were ordered to arbitration, that order was never modified or vacated, and the arbitration award was confirmed. Inhale's fraud claim was merged into the arbitration and was thereafter res judicata. Thus the court erred by permitting further claims to proceed against Worldwide and Bard.

FACTS

At the outset we note that appellant's anemic statement of facts and inadequate record has in many cases left us with more questions than answers. The record lacks such basic items as the operative pleadings, the order compelling arbitration, and the order confirming the arbitration award. With that caveat, the relevant facts revealed in the record are as follows.[1]

_____

[1] In aid with our review, on our own motion, and having given notice to the parties, we augment the record to include the following documents: 1. Defendant

3

Inhale manufactures hookahs. A hookah is a device used to smoke flavored tobacco. Worldwide, at the time of the dispute, distributed products related to smoking, including hookahs and tobacco. Worldwide claimed to have a license to distribute hookahs decorated with the artwork and trademark of a well known designer of tattoos, Ed Hardy. The parties signed an agreement pursuant to which Inhale would manufacture Ed Hardy hookahs.

Inhale filed suit against, among others, Worldwide and Bard, asserting causes of action for breach of contract, fraud, and unfair competition. Inhale alleged that defendants never had a license to distribute Ed Hardy hookahs, but fraudulently represented to Inhale that they did, and that Inhale relied on that representation in signing the agreement. The gist of the complaint for breach of contract is that defendants induced Inhale to disclose confidential information regarding how it manufactures hookahs, which defendants then shared with a Chinese manufacturer in breach of the agreement. Inhale sought injunctive and equitable relief. The fraud and unfair competition claims likewise centered on the disclosure of confidential information to a Chinese manufacturer, and sought "damages that include at least $75,000 in lost sales, tarnished reputation, loss of competitive advantage, and other damages according to proof at the time of trial." The prayer for relief sought an injunction, disgorgement of profits, and punitive damages.

---

Worldwide Smoke, Inc's motion to compel arbitration filed on September 26, 2011; 2. Defendant Hussam Bard's motion to compel arbitration filed on September 26, 2011; 3. Plaintiff's fourth amended complaint filed on January 28, 2013; 4. Plaintiff's motion to confirm arbitration award filed on February 11, 2013; 5. The court's minute order dated March 14, 2013 confirming the arbitration award; 6. Defendant Hussam Bard's demurrer to the fourth amended complaint filed on April 16, 2013; 7. Defendant Worldwide Smoke, Inc's demurrer to the fourth amended complaint filed on April 16, 2013; 8. The court's minute order dated May 30, 2013 overruling the demurrers; and 9. The jury's verdict form filed on November 8, 2013.

4

Worldwide and Bard moved to compel arbitration of all claims against them. The court granted the motion as to all claims.

For reasons not made clear in the record, Inhale filed a separate demand for arbitration with the arbitrator rather than relying on its complaint. It's demand for arbitration, however, asserted only one claim, breach of contract, against only one party, Worldwide. During the arbitration, shortly before the evidentiary hearing, Worldwide filed a motion in limine for an order "specifying the causes of action which [Inhale] was required to arbitrate . . . ." The arbitrator denied the motion and thus never issued a clarifying order. But the motion prompted the arbitrator to inquire about the scope of the arbitration. As the arbitrator explained, Worldwide stated "that the court granted a motion to compel filed by [Worldwide] to require arbitration of all causes of action asserted in the court action by Inhale against Worldwide, not only the single cause of action for breach of contract asserted by [Inhale] herein. [Worldwide] did [not] make any motion in this arbitration respecting the scope of the arbitration until the motion it filed when only motions in limine were to be filed due to the proximity of the evidentiary hearing. [¶] Shortly before and again at the time of the evidentiary hearing, [Worldwide] stated that it did not want to move to expand the scope of the arbitration because such expansion would be prejudicial to [Worldwide] given the lack of time to prepare to defend the additional claims. Accordingly, only the [breach] of [contract] claim asserted by [Inhale] was tried" to the arbitrator.

Inhale's claim at the arbitration was somewhat different from that which was pleaded in its complaint. After the parties had signed the agreement, Inhale fulfilled a first order of 2,500 hookahs that was apparently completed without incident. Worldwide then ordered a second batch of 2,500 hookahs. With regard to the second order, Worldwide complained about delays in the delivery of the product and the quality of the product. "The parties agreed to resolve their issues by a purchase by [Inhale] of the product from [Worldwide]. Of this second order, Inhale ended up with 1,206

5

hookahs stored in a warehouse in the United States with the remainder of the order in the form of unassembled parts stored in a warehouse in China." Once Inhale discovered that Worldwide never had a license, Inhale claimed its inventory of repurchased hookahs became worthless because Inhale could not sell them without incurring liability to the trademark holder. The arbitrator found in favor of Inhale: "Inhale's evidence established that Inhale sustained damages of $175,000 as a result of Worldwide's breach of their contract. That is the amount of the loss Inhale sustained by its inability to sell the Ed Hardy hookahs it bought back [from] Worldwide from the second order."

The arbitration award was confirmed by the trial court without objection.

Thereafter, Inhale apparently intended to proceed with a jury trial on the fraud claim, so both Worldwide and Bard demurred, contending the action was barred by res judicata. The court overruled the demurrers as to all causes of action except breach of contract. The court recounted that "the arbitration motion was resisted by plaintiff and it sought to cull out the fraud claim. This was rejected by this court when it granted the motions to compel arbitration. Thus all claims were intended by this court to fall within the arbitration." However, the court held defendants were judicially estopped from asserting that the fraud claim needed to be brought in the arbitration because, "in reviewing the arbitrator's award it is obvious that defendants resisted any effort by [Inhale] and the arbitrator to include the fraud claims."

The matter proceeded to a jury trial on the fraud cause of action, and a bench trial on Inhale's claim that Bard is the alter ego of Worldwide. The jury returned a verdict for Inhale on the fraud claim, awarding $75,000. The court rejected the alter ego claim against Bard.

In the judgment, the court addressed the breach of contract cause of action as follows: "The interim ruling confirming the arbitrator's award is hereby adjusted to comport with the jury's finding and to avoid conflict. Judgment for Plaintiff Inhale, Inc. is awarded against Defendant Worldwide Smoke, Inc. for compensatory damages in the

6

sum of $75,000.00, as adjusted compensatory damages and $1,300.00 in costs awarded by the arbitrator." The court entered judgment on the verdict on the fraud cause of action, and entered a defense judgment for Bard. In addition, the court ordered Inhale to turn over the 1,206 hookahs it had repurchased from Worldwide. Inhale appealed from the judgment.

## DISCUSSION

The parties devote most of their briefs arguing about how the fraud judgment should be reconciled with the arbitration award. We asked the parties to brief a logically prior issue: Did the orders compelling arbitration and confirming the award preclude the fraud cause of action from proceeding? Not surprisingly, Inhale said "no," Worldwide said "yes," but added that it would be unfair to reinstate the larger arbitration award after it was required to go to trial on the fraud claim. We conclude the court had no authority to proceed with the fraud claim.

*Worldwide Was Not Judicially Estopped from Asserting the Fraud Claim Was Barred by the Doctrine of Res Judicata*

We begin by addressing the court's ruling that Worldwide was judicially estopped from contending that the arbitration award barred the fraud claim. "The elements of judicial estoppel are '(1) the same party has taken two positions; (2) the positions were taken in judicial or quasi-judicial administrative proceedings; (3) the party was successful in asserting the first position (i.e., the tribunal adopted the position or accepted it as true); (4) the two positions are totally inconsistent; and (5) the first position was not taken as a result of ignorance, fraud, or mistake.'" (*Owens v. County of Los Angeles* (2013) 220 Cal.App.4th 107, 121.) "The determination of whether judicial

estoppel can apply to the facts is a question of law reviewed de novo, i.e., independently." (*Blix Street Records, Inc. v. Cassidy* (2010) 191 Cal.App.4th 39, 46.)

The court erred. We need not analyze each factor as it is clear from the arbitration award, which is the only evidence the court relied upon, that Worldwide did not take inconsistent positions. Inhale, as the plaintiff and master of its own case, filed a separate claim for arbitration that did not include the fraud claim. Worldwide, as the defendant, had no interest in expanding the claims against it. The arbitrator stated that Worldwide made no assertions regarding the scope of the arbitration until motions in limine were filed shortly before the evidentiary hearing. And the position Worldwide ultimately took was that adding the fraud claim shortly before the hearing "would be prejudicial to [Worldwide] given the lack of time to prepare to defend the additional claims." But there is no evidence in the record that Worldwide ever argued in the arbitration that Inhale was precluded at the outset from pursuing its fraud claim in arbitration. The position Worldwide took in the trial court was that the fraud claim should have been brought during the arbitration and was barred under the doctrine of res judicata. These positions are entirely consistent. Inhale has only itself to blame for not asserting its fraud cause of action at the beginning of the arbitration, and only itself to blame for waiting until the eleventh hour to try to add it. Worldwide's position throughout was that the order compelling arbitration included the fraud claim but that the fraud claim could not be added on the eve of the arbitral trial because sandbagging Worldwide in that manner would be prejudicial. There was nothing inconsistent about that position. It was entirely reasonable. Thus application of judicial estoppel was error.

*The Arbitration Award Barred Further Litigation of the Fraud Claim*

We now turn to whether the arbitration award barred Inhale from proceeding on its fraud claim. We find *Thibodeau v. Crum* (1992) 4 Cal.App.4th 749 (*Thibodeau*) instructive. There, the plaintiffs arbitrated numerous deficiencies in their

8

single-family home against the general contractor. The arbitrator issued an award, but as a result of a bankruptcy filing, the award was never confirmed. (*Id.* at p. 753.) Inter alia, the arbitrator had awarded the plaintiffs, by way of setoff to the general contractors claim for unpaid fees, a relatively minor amount for the repair of chunks of concrete that had broken off the driveway. (*Ibid.*) Subsequently, the plaintiffs brought the suit at issue against the subcontractor that constructed the driveway, alleging that "radiating cracks" in the driveway had grown worse. (*Id.* at p. 756.) The subcontractor moved for judgment on the pleadings on the basis that the case was barred by the prior arbitration against the general contractor. (*Id.* at p. 754.) The court denied the motion, proceeded to trial, and the plaintiffs obtained a judgment. The subcontractor appealed. (*Id.* at p. 754.)

The *Thibodeau* court reversed. It began with the premise, "The doctrine of res judicata applies not only to judicial proceedings but also to arbitration proceedings." (*Thibodeau, supra*, 4 Cal.App.4th at p. 755.) In discussing the scope of res judicata, the court cited the familiar rule that "[i]f the matter was within the scope of the action, related to the subject-matter and relevant to the issues, so that it *could* have been raised, the judgment is conclusive on it despite the fact that it was not in fact expressly pleaded or otherwise urged. The reason for this is manifest. A party cannot by negligence or design withhold issues and litigate them in consecutive actions. Hence the rule is that the prior judgment is *res judicata* on matters which were raised or could have been raised, on matters litigated or litigable." (*Ibid.*) This rule applies equally to arbitration: "[C]ase law also indicates that arbitrating parties are obliged . . . to place before their arbitrator all matters within the scope of the arbitration, related to the subject matter, and relevant to the issues." (*Id.* at p. 755.) The court ultimately concluded that if the radiating cracks in the driveway were not raised in the prior arbitration, "they most certainly should have been." (*Id.* at p. 756.) And the plaintiffs' failure to bring the claim did not "exempt them from application of the doctrine of res judicata." (*Ibid.*)

9

The plaintiffs argued "that res judicata does not apply because the arbitration award has not been confirmed and is subject to a pending petition to correct." (*Thibodeau, supra*, 4 Cal.App.4th at p. 758.)  After analyzing the case law, the court concluded, based largely on "the very limited judicial review afforded arbitration awards" (*Id.* at p. 759), that the doctrine of res judicata applies to unconfirmed arbitration awards.

Unlike *Thibodeau*, where the court faced the difficult question of whether a nonparty to the arbitration may argue res judicata based on an unconfirmed award, we face the much easier issue of whether res judicata applies as between *parties* to the arbitration based on a *confirmed* arbitration award.  Also, the *Thibodeau* court faced the sometimes difficult question of whether the arbitration encompassed a claim not actually raised by the plaintiffs, whereas here the fraud claim was expressly ordered to arbitration.  Based on the principles set forth in *Thibodeau*, we conclude the arbitration rendered Inhale's fraud claim res judicata.

The only wrinkle in the application of res judicata here is that the court did not enter judgment on the confirmed award prior to proceeding with the fraud claim.  We conclude that fact makes no difference because the court had no choice but to enter judgment on that award:  "If an award is confirmed, judgment *shall* be entered in conformity therewith."  (Code Civ. Proc., § 1287.4, italics added; see also *Rubin v. Western Mutual Ins. Co.* (1999) 71 Cal.App.4th 1539, 1545 ["An order confirming an award is to be reduced to a judgment"]; *Trollope v. Jeffries* (1976) 55 Cal.App.3d 816, 823 ["As respects confirmation, its purpose is to raise the award to the status of a judgment having the same force as judgment in a civil action so as to render it enforceable like any other judgment of the court in which it is entered"].)  Accordingly, by failing to enter judgment on the confirmed award, and by proceeding with the fraud cause of action, the court erred.  The court should have entered judgment on the confirmed arbitration award, which included $175,000 in compensatory damages and

10

$1,300 in costs. Also, the court should not have ordered Inhale to turn over its inventory of Ed Hardy hookahs, as that is a remedy Worldwide should have sought in arbitration.

Next we address Inhale's claim against Bard. Although Inhale's claims against Bard were apparently ordered to arbitration, Inhale did not name Bard as a party in the arbitration. Inhale's subsequent unopposed motion to confirm the arbitration award was against Worldwide, and not Bard. Although the motion itself was clear, the title of the motion was ambiguously styled as "PLAINTIFF'S [MOTION] TO CONFIRM ARBITRATION AWARD AND VACATE STAY AS TO WORLDWIDE SMOKE, INC. AND HUSSAM BARD." What has apparently gone unnoticed by Bard (and perhaps all parties), is that the award was confirmed against both Worldwide *and* Bard. This appears to be a simple clerical error. On remand, we will instruct the court to correct the order confirming the award by excluding Bard.

Inhale's contention on appeal is that the court erred in finding Bard was not the alter ego of Worldwide. There is authority for the proposition that Inhale may raise its alter ego claim notwithstanding that it was ordered to arbitrate all of its claims against Bard. (See *Greenspan v. LADT LLC* (2010) 191 Cal.App.4th 486, 507.) Assuming, without deciding, that Inhale was within its rights in doing so, we conclude Inhale has waived its argument that the court erred in finding no alter ego liability.

Inhale's claim, though not styled as such, challenges the sufficiency of the evidence supporting the court's finding. Where a party contends "'some particular issue of fact is not sustained, they are required to set forth in their brief *all* the material evidence on the point and *not merely their own evidence*. Unless this is done the error assigned is deemed to be waived.'" (*Foreman & Clark Corp. v. Fallon* (1971) 3 Cal.3d 875, 881; see also *Gombiner v. Swartz* (2008) 167 Cal.App.4th 1365, 1374 ["When a party challenges on appeal the sufficiency of evidence, the party must discuss all the evidence supporting the court's ruling or the party waives the point"].) Inhale utterly failed to satisfy this requirement. Its statement of facts, which we characterized as

11

anemic above, makes almost no mention of any facts pertaining to the alter ego issue. Instead, Inhale leaps directly into argument on the issue, setting forth only the facts it claims supports its conclusion. By failing to comply with its duty on appeal, Inhale waived its argument that the court erred in finding Bard was not the alter ego of Worldwide.

## DISPOSITION

The judgment is reversed. On remand, the court is directed to correct the order, dated March 14, 2013, confirming the arbitration award by omitting Bard. The court is directed to vacate the judgment and enter a new judgment in favor of Inhale and against Worldwide in the amount of $176,300.00, the full amount awarded by the arbitrator. The court is directed to enter judgment in favor of Bard and against Inhale. Bard shall recover his costs incurred on appeal. Worldwide and Inhale shall bear their own costs on appeal.

IKOLA, J.

WE CONCUR:


O'LEARY, P. J.


THOMPSON, J.

12