Filed 2/18/22  Brewer v. Allstate Insurance Company CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| EMMA S. BREWER,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY,<br><br>    Defendant and Respondent. | A158846, A159485<br><br>(Contra Costa County Super. Ct. No. MSC15-01326) |

The trial court entered an order confirming an arbitration award which denied plaintiff Emma S. Brewer any recovery under the uninsured motorist (UM) coverage of a policy issued by defendant Allstate Insurance Company (Allstate).  The court also granted a motion for judgment on the pleadings on Brewer's remaining claims based on the denial of that coverage.  We affirm the order confirming the arbitration award, but reverse the motion granting judgment on the pleadings and remand to the trial court with instructions to grant leave to amend the complaint.

## I.  BACKGROUND

Brewer was insured under an automobile insurance policy issued by Allstate.  She sustained injuries on July 29, 2013, and

1

claimed that a hit-and-run driver had struck her vehicle as she was traveling eastbound on Highway 24 and pushed her car into the rear end of another vehicle. She claimed coverage under the UM section of her policy.

On July 24, 2015, Brewer demanded that Allstate arbitrate her UM claim under Insurance Code section 11580.2, subdivision (f).[1] Four days later, on July 28, 2015, she filed a complaint against Allstate in superior court, containing causes of action for (1) personal injury—motor vehicle/uninsured motorist damage; (2) breach of contract; (3) contractual breach of the implied covenant of good faith and fair dealing; (4) tortious breach of the implied covenant of good faith and fair dealing; (5) bad faith and (6) unfair trade practices.

Following an arbitration, the arbitrator issued an award on October 29, 2018, stating that Brewer would "take nothing by way of her claim." In a letter addressed to all counsel for the parties dated November 9, 2018, the arbitrator explained the reason for his award: "I have concluded that claimant has not met the threshold question of whether this amounts to a valid UM (hit and run) claim, as there is insufficient evidence to support the claim of contact with a claimed hit and run vehicle. Critical to this finding is the testimony and report of expert witness Pinkston, the photographs of the left rear door and

---

[1] That section requires insurers to provide UM coverage and entitles an insured to arbitrate the issue of whether an uninsured motorist was liable and the amount of the damages. (See, e.g., *State Farm Mutual Automobile Ins. Co. v. Superior Court* (2004) 123 Cal.App.4th 1424, 1429.)

quarter panel of Claimant's vehicle showing longitudinal striations consistent with a front to back contact with some other object/vehicle. [¶] Just as important, however, is my finding that even if there had been involvement of a third vehicle (which I haven't [found]), that from a liability standpoint, Claimant has failed to meet her burden of proof that it was a cause of/contributed to the happening of the accident in question."

Allstate moved to confirm the arbitration award under Code of Civil Procedure section 1285[2] on July 16, 2019. Brewer asked that the petition be continued, because (1) she had a pending "Motion and/or Request for Reconsideration" before the arbitrator; and (2) she had just issued discovery to Allstate on her bad faith claim. At no point did Brewer petition the court to vacate or correct the arbitration award pursuant to sections 1286.2 or 1286.6.

The superior court confirmed the arbitration award on September 26, 2019. The court noted in its order that Brewer had not timely opposed Allstate's petition to confirm, and that the two grounds stated in her opposition to confirmation were irrelevant to confirmation of the award. The court entered a judgment on the arbitration award on October 11, 2019.

Allstate then moved for judgment on the pleadings on the ground that all of the causes of action were predicated on the assumption that there was coverage under the UM portion of the policy, and the arbitrator had determined there was no such

---

[2] Further references are to the Code of Civil Procedure unless otherwise indicated.

3

coverage. The court granted that motion on December 26, 2019, and subsequently issued a judgment in Allstate's favor on February 19, 2020.

## II. DISCUSSION

A. *Motion to Confirm Arbitration Award*

Brewer argues that the court should not have granted Allstate's motion to confirm the arbitration award. We disagree.

An award reached by an arbitrator "is not subject to judicial review except on the grounds set forth in . . . sections 1286.2 (to vacate) and 1286.6 (for correction)." (*Malek v. Blue Cross of California* (2004) 121 Cal.App.4th 44, 55; see *Durand v. Wilshire Ins. Co.* (1969) 270 Cal.App.2d 58, 61–62 [applying §§ 1286.2 and 1286.6 to arbitrations under § 11580.2].) A motion to vacate or correct an arbitration award must be filed within 100 days of service of the award. (*Knass v. Blue Cross of California* (1991) 228 Cal.App.3d 390, 393.)[3] "Unless a statutory basis for vacating or correcting an award exists, a reviewing court 'shall confirm the award as made. . . .' " (*Corona v. Amherst Partners* (2003) 107 Cal.App.4th 701, 706; § 1286.)

In this case, service of the arbitration award was made in November 2018. Brewer did not file a petition to vacate or correct the award at any time, much less within 100 days. The trial court was therefore obligated to confirm the award upon Allstate's timely application.

---

[3] By contrast, a petition to confirm an arbitration award must be served and filed four years after the service of the award. (§ 1288.)

4

Brewer claims an order confirming the award was "premature" because after the arbitrator issued his award, Brewer served a request for 538 admissions on Allstate that were still pending at the time of the hearing on the motion to confirm. Brewer argues that this request for admissions pertained to her then-extant claim for bad faith against Allstate, and that the court should not have confirmed the arbitration award on her entitlement to UM coverage while this discovery was pending. She cites no authority for this proposition and we, like the trial court, conclude that the outstanding discovery had no bearing on whether an arbitration award on a related claim can be confirmed, at least when there is no pending motion to vacate or correct the award.

Brewer also contends the court should not have granted the petition to confirm the arbitration award because she had filed a "motion for reconsideration" under section 1008 with the arbitrator. Section 1008 applies "[w]hen an application for an order has been made to a judge, or to a court. . . ." (§ 1008, subd. (a).) It does not on its face apply to decisions by arbitrators. Even if it did, section 1008 imposes a 10-day limit on motions for reconsideration, and it is well-established that this time limit is jurisdictional. (*Gilberd v. AC Transit* (1995) 32 Cal.App.4th 1494, 1499; see *Kinda v. Carpenter* (2016) 247 Cal.App.4th 1268, 1278 ["section 1008 places strict jurisdictional limits on a litigant's ability to seek reconsideration of a prior ruling"].) Brewer's letter was not sent to the arbitrator until September 2019, nearly 11 months after the arbitration award was served.

5

The "motion for reconsideration" did not provide a basis for denying or deferring confirmation of the arbitration award when the motion was not authorized in the first place.

Brewer also contends that the judgment on the order confirming the arbitration award was an interim judgment that should be reversed because it violated the one final judgment rule. We disagree.

Under the one final judgment rule, there can generally be only one judgment in a civil action, and intermediate rulings cannot be reviewed on appeal until the final resolution of the case. (*Reddish v. Westamerica Bank* (2021) 68 Cal.App.5th 275, 277.) The overall objective of the one final judgment rule is to avoid the cost and oppression of "piecemeal disposition and multiple appeals." (*Kinoshita v. Horio* (1986) 186 Cal.App.3d 959, 966–967.)

Judgments confirming arbitration awards are subject to the one final judgment rule. (See *Kaiser Foundation Health Plan, Inc. v. Superior Court* (2017) 13 Cal.App.5th 1125, 1139.) Thus, an order confirming an arbitration award on one claim is not final when other claims between the parties remain outstanding, and an appeal from such an order is subject to dismissal until such time that all claims have been resolved. (*Rubin v. Western Mutual Ins. Co.* (1999) 71 Cal.App.4th 1539, 1547 [dismissing appeal from order confirming arbitration award when the merits of four causes of action between the parties were unresolved].) The one final judgment rule is concerned with appealability. Brewer cites no authority to support her suggestion that simply

6

because it would be premature to appeal from a judgment confirming an arbitration award when the case had not yet been resolved, this renders that interim judgment invalid on its merits.

In any event, there has been a final judgment in this case, and the main concern of the one final judgment rule—piecemeal appeals—is not presented. After the interim judgment was entered on the order confirming the arbitration award, the court entered a final judgment in favor of Allstate following the judgment on the pleadings. Brewer appealed and challenged both the order confirming the arbitration and the judgment on the pleadings in a single appeal. As we shall explain, the judgment on the pleadings must be reversed to give Brewer the opportunity to amend her complaint. But this does not mean the judgment in the case was not final.

B. *Motion for Judgment On The Pleadings*

Brewer contends the court erred when it granted Allstate's motion for judgment on the pleadings and dismissed her complaint. The trial court correctly found that the complaint as drafted did not state a cause of action in light of the arbitrator's award, but it should have granted Brewer leave to amend.

An order granting a motion for judgment on the pleadings is reviewed under the same standard that is applied to a judgment following the sustaining of a demurrer. (*McCutchen v. City of Montclair* (1999) 73 Cal.App.4th 1138, 1144.) We review the challenged complaint de novo to determine whether it states facts sufficient to constitute a cause of action, considering any

7

matters subject to judicial notice. (*Jacks v. City of Santa Barbara* (2017) 3 Cal.5th 248, 272.)

Here, all of the causes of action in the complaint concern Allstate's failure to pay benefits under the UM coverage of the policy and presuppose that Brewer was entitled to UM coverage under her policy. The trial court properly took judicial notice of the arbitration award finding that there was no coverage under the UM provisions of the policy and of the order confirming the arbitration award. " '[A] bad faith claim cannot be maintained unless policy benefits are due.' " (*Rios v. Scottsdale Ins. Co.* (2004) 119 Cal.App.4th 1020, 1027.) According to the arbitrator, whose award has been confirmed by the court, UM benefits were not due to Brewer under her policy. Accordingly, the complaint did not state a cause of action for bad faith or any other claim predicated on the failure to pay Brewer benefits under her UM coverage.

Brewer argues that her claims were based on Allstate's failure to pay under the rental car reimbursement and medical payments (med-pay) provisions of the policy, which were not dependent on UM coverage and were not affected by the arbitration. (See *Progressive West Ins. Co. v. Superior Court* (2005) 135 Cal.App.4th 263, 270 [automobile med-pay provides first party coverage on a no-fault basis].) Although the complaint only mentions UM coverage, we consider whether the trial court should have granted Brewer leave to amend to allege damages for the denial of coverage under the non-UM portions of the policy.

8

" 'Denial of leave to amend after granting a motion for judgment on the pleadings is reviewed for abuse of discretion.' " (*Ludgate Ins. Co. v. Lockheed Martin Corp.* (2000) 82 Cal.App.4th 592, 602.) "Where a complaint could reasonably be amended to allege a valid cause of action, we must reverse the judgment. [Citations.] Leave to amend is liberally allowed; a specific request to amend is not required as a prerequisite to review on appeal the trial court's decision not to grant leave to amend." (*Kempton v. City of Los Angeles* (2008) 165 Cal.App.4th 1344, 1348; see *Virginia G. v. ABC Unified School Dist.* (1993) 15 Cal.App.4th 1848, 1852 [after motion for judgment on the pleadings is granted, "denial of leave to amend constitutes an abuse of discretion if the pleading does not show on its face that it is incapable of amendment"].)

Brewer argued in her opposition to the motion for judgment on the pleadings that she had coverage for both rental car reimbursement and $25,000 in med-pay, and that claims under both of these provisions were denied by Allstate. While we express no view about the ultimate merit of her claims, there is a reasonable possibility that Brewer could amend the complaint to state a cause of action. (See *Buller v. Sutter Health* (2008) 160 Cal.App.4th 981, 992.)

### III. DISPOSITION

The judgment is reversed. The case is remanded with directions to give Brewer an opportunity to amend her complaint. The order confirming the arbitration award is affirmed. Ordinary costs on appeal are awarded to Brewer.

_____
                    NEEDHAM, J.

We concur.


_____
JACKSON, P.J.


_____
BURNS, J.


*Brewer v. Allstate Insurance Co.* / A158846, A159485